442 So.2d 726 (1983)
STATE of Louisiana
v.
Otis MOORE.
No. 83 KA 0460.
Court of Appeal of Louisiana, First Circuit.
November 22, 1983.
*727 Ossie Brown, Dist. Atty. by Robert Hester, Asst. Dist. Atty., Baton Rouge, for plaintiff-appellee.
Keith Nordyke, Baton Rouge, for defendant-appellant.
Before COVINGTON, COLE and SAVOIE, JJ.
COLE, Judge.
Defendant, Otis Moore, was charged with one count of attempted first degree murder, in violation of La.R.S. 14:30[1] and 14:27[2]. He had engaged in a "shoot-out" with police officers. Defendant plead guilty and was sentenced to serve eight years at hard labor, without benefit of probation, parole or suspension of sentence. In addition, he was sentenced to serve a consecutive sentence of two years at hard labor, again without benefit of probation, parole or suspension of sentence, under La.R.S. 14:95.2. He appealed to this court, urging eight assignments of error.
The facts leading to defendant's arrest are as follows. Defendant and his girl friend were involved in a domestic dispute on April 7, 1982. The girl friend called the police to her apartment, but defendant managed to evade them at that time. Later the same day she again summoned the police because of defendant's harassment. This encounter lead to a high-speed chase which ended when defendant's car ran into a fence. He emerged from the car firing at the police officers. In spite of the many shots fired, no one was injured and defendant finally ceased firing the gun and surrendered to the officers.
Defendant was initially charged with six counts of first degree murder but in exchange for his guilty plea, all but one count were dropped.
Four of the eight assignments of error deal with the excessiveness of the sentence. Defendant contends the sentence was excessive for these reasons: There were certain mitigating circumstances; no one was injured; there was certain evidence *728 admitted at the sanity hearing; and, only five years incarceration are required by La.Code Crim.P. art. 893.1.[3] We find no merit in any of these arguments.
Although there were certain mitigating circumstances, such as the fact this was defendant's first conviction, and he had two jobs at the time of the incident, we cannot conclude these circumstances require a lesser sentence. As reflected in the presentencing report, defendant had been charged several times before with possession of marijuana with intent to distribute, simple battery and aggravated assault. In all cases charges had been dropped or "nolle prossed." The fact no one was injured was, as the trial court noted, somewhat of a "miracle" and does not lessen the severity of the offense. The evidence at the sanity hearing showed defendant was under the influence of drugs on the day of the incident but also showed he knew right from wrong at the time of the shooting. Finally, simply because La.Code Crim.P. art. 893.1 calls for a sentence of not less than five years when the offender has used a firearm, it in no way implies a sentence of more than five years is excessive. The maximum sentence for attempted first degree murder is 50 years. [See La.R.S. 14:27 D(1).] The sentence imposed is certainly at the lower range of the possible sentences and we find it in no way excessive. The determination of excessiveness of a sentence turns upon the punishment and the crime in light of the harm to society and whether the penalty is so disproportionate that it shocks our sense of justice. State v. Pearson, 425 So.2d 704 (La.1982).
In another assignment of error, defendant contends the court erred in imposing enhanced sentences under La.R.S. 14:95.2[4] and La.Code Crim.P. art. 893.1 when defendant had not been charged by bill of information or indictment with these offenses. In a related assignment, defendant argues the court erred in not requiring the state to pre-warn him of its intent to invoke the mandatory penalty under these articles.
It has been held the state need not separately charge the defendant with violation of La.R.S. 14:95.2. State v. Roussel, 424 So.2d 226 (La.1982), rehearing denied 1983. We see no reason for the establishment of a different rule under La.Code Crim.P. art. 893.1. The question required to be determined under this article is simply a matter of proof and has no relation to the facts which determine guilt or innocence of the basic crime. Using a firearm, in this instance, is not a separate crime and there is no necessity for a separate charge.
As to defendant's argument the court should have warned him of the intent to *729 impose the enhanced penalty, we find no merit whatsoever. The court gave defendant an opportunity to withdraw his plea when it became apparent the enhanced punishment was to be applied. Defendant and his counsel considered the matter overnight and the next day defendant expressed his desire to "... stay with my guilty plea." Defendant cannot argue he was not "prewarned."
In two other assignments of error the defendant argues the court erred in concluding he had used a firearm when no evidence was introduced establishing this fact. He contends further the court should have held an adversary hearing on whether or not a firearm was used in the commission of the offense charged. A sentencing court, as was done here, may draw from extensive sources of information and the traditional rules of evidence are not bars to consideration of otherwise relevant information. State v. Washington, 414 So.2d 313 (La.1982). In a multiple offender proceeding the trial court has the right to take judicial notice of any prior proceeding which was a part of the same case it tried previously. See State v. Martin, 400 So.2d 1063 (La.1981), on rehearing. We apply the same rule to the analagous situation of an enhancement proceeding for the use of a firearm. Here, the trial court had presided over a Boykin examination, in which defendant, when asked to what crime was he pleading guilty, answered, "I discharged a firearm and hit a public official." This evidence makes it abundantly clear defendant it discharged a firearm at the time of the incident.
For the reasons, the sentences imposed by the trial court are affirmed.
AFFIRMED.
NOTES
[1] Sec. 30 reads in pertinent part as follows:

"First degree murder is the killing of a human being:
* * * * * *
"(2) When the offender has a specific intent to kill or to inflict great bodily harm upon a fireman or peace officer engaged in the performance of his lawful duties; ..."
[2] Sec. 27 reads in pertinent part as follows:

"A. Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose."
[3] Art. 893.1 reads as follows:

"When the court makes a finding that a firearm was used in the commission of a felony and when suspension of sentence is not otherwise prohibited, the court shall impose a sentence which is not less than:
(1) The maximum sentence provided by law, in the same manner as provided in the offense, if the maximum sentence is less than five years, or
(2) Five years, in the same manner as provided in the offense, if the maximum sentence is five years or more.
Imposition or execution of sentence shall not be suspended and the offender shall not be eligible for probation or parole." (Footnotes omitted.)
[4] Art. 14:95.2:

"Notwithstanding any other provisions of law to the contrary, any person who uses a firearm or explosive device at the time he commits or attempts to commit the crime of second degree murder, manslaughter, aggravated battery, simple kidnapping, aggravated escape, aggravated burglary, or aggravated arson or attempted aggravated rape, attempted first degree murder or attempted aggravated kidnapping shall upon conviction serve a term of two years imprisonment for the first conviction and upon conviction for each second and subsequent offense listed in this Section, he shall serve a term of five years imprisonment. The penalty provided herein shall be in addition to any other penalty imposed under the provisions of this Title and such person shall serve the additional term of imprisonment without benefit of parole, probation, suspension of sentence or credit for good time and any adjudication of guilt or imposition of sentence shall not be suspended.
"The prison terms provided under the provisions of this Section, shall run consecutively to any other penalty imposed upon conviction of any of the crimes listed in this Section."