444 So.2d 340 (1983)
STATE of Louisiana
v.
David JARREAU.
No. 83 KA 0822.
Court of Appeal of Louisiana, First Circuit.
December 22, 1983.
Ossie Brown, Dist. Atty., Baton Rouge by Louis Daniel, Robert Hester, Asst. Dist. Attys., for plaintiff-appellee.
Clarence T. Nalls, Jr., Baton Rouge, for defendant-appellant.
Before COVINGTON, COLE and SAVOIE, JJ.
COLE, Judge.
Defendant David Jarreau was charged by bill of information with simple burglary of an inhabited dwelling, a violation of La. R.S. 14:62.2. The alleged crime took place on October 18, 1982, at a residence located on Fairfields Avenue in Baton Rouge. Two Baton Rouge City police officers were notified of a possible burglary taking place at the Fairfields residence. When they arrived they observed two black men inside the house. They called for assistance and Officer Hayes arrived with his trained dog, Max. The officers entered the house *341 through an open window, and the dog indicated someone was in the attic. The officers and the dog entered the attic and found Charles Moore. A second man, defendant David Jarreau, was found in another part of the attic. Jarreau struck both Max and Officer Hayes with a long stick. Both men were arrested.
A trial by jury was held and defendant (who did not testify) was convicted of simple burglary of an inhabited dwelling and sentenced to serve four years at hard labor. He has appealed and assigns two errors.[1]
Appellant's first assignment of error is that the trial court erred in refusing to allow defense counsel to complete crossexamination of a police officer concerning the photographs the officer had taken at the scene of the crime. On direct examination, Officer James Kurts was asked to identify each photograph as to its contents. On cross examination defense counsel repeatedly asked the officer if anything in the photographs looked "abnormal" or "unusual." The prosecuting attorney objected to this line of questioning as being beyond the realm of the officer's knowledge. We agree. The only person qualified to testify as to whether or not anything looked abnormal in the photographs was the owner of the residence. The witness had no knowledge of the condition of the premises prior to the time he took the photographs. Therefore the trial court was correct in refusing to allow this line of questioning. See La.R.S. 15:275 and 15:463.
Appellant's second assignment of error is that the court erred in allowing the state to introduce into evidence a stick which was allegedly used by defendant to strike Officer Hayes and the police dog. Appellant contends a proper foundation was not laid for the introduction of the stick. We disagree. Officer Hayes testified that after finding Charles Moore, Max indicated there was another person in a different part of the attic. Officer Hayes and Max went through an "attic window" and found the defendant. The defendant struck the dog with a stick and the dog grabbed his leg. Defendant then struck Officer Hayes with the stick. At trial Officer Hayes was shown the stick and identified it as the one with which he and the dog had been struck and the one he had given the evidence team to preserve. We find this to be a sufficient foundation for the introduction of the stick.
Although defendant's brief is not very explicit, it appears defendant argues also the stick is not relevant to a prosecution for simple burglary of an inhabited dwelling. La.R.S. 15:441 provides:
"Relevant evidence is that tending to show the commission of the offense and the intent, or tending to negative the commission of the offense and the intent.
"Facts necessary to be known to explain a relevant fact, or which support an inference raised by such fact, are admissible."
The reaction of the defendant during apprehension is relevant to the issue of intent. Also, it is part of the res gestae. To constitute res gestae, the circumstances must be necessary incidents of the criminal act, or immediate concomitants of it, or form in conjunction with it one continuous transaction. La.R.S. 15:448. If a continuous chain of events is evident under the circumstances, the testimony of the police officer pertaining to what he heard or observed before, during or after the commission of the crime is part of the res gestae. State v. Kimble, 407 So.2d 693 (La.1981). Here, the incident involving the stick occurred immediately after the officer arrived on the scene and while the crime was *342 still in progress. That which forms any part of the res gestae is always admissible in evidence. La.R.S. 15:447.
This assignment is without merit.
For these reasons, the judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] Defendant raised two errors in his formal assignment of errors filed with the trial court. However, in his brief he raises two others. La. Code Crim.P. art. 844 states in part, "The party appealing shall designate, in writing, those errors which are to be urged on appeal." These errors are to be filed with the trial court. La. Code Crim.P. art. 920 states the appellate court shall consider only those errors designated in the assignment of errors and those errors discoverable by a mere inspection of the pleadings and proceedings, without inspection of the evidence. In light of these articles, we decline to consider the other two assignments of error.