447 So.2d 1125 (1984)
STATE of Louisiana
v.
James Isaac STEVENSON.
No. 83-KJ-0730.
Court of Appeal of Louisiana, First Circuit.
February 28, 1984.
Motion Denied May 25, 1984.
*1127 Ossie Brown, Dist. Atty. by Richard Johnson, Asst. Dist. Atty., Baton Rouge, for plaintiff-appellee.
R. Judge Eames, Baton Rouge, for defendant-appellant.
Before LOTTINGER, EDWARDS and ALFORD, JJ.
EDWARDS, Judge.
Defendant, James Isaac Stevenson, was indicted for second degree murder, a violation of LSA-R.S. 14:30.1. The jury returned *1128 a responsive verdict of guilty of manslaughter. Defendant was sentenced to serve five years at hard labor, without benefit of parole, probation or suspension of sentence. An additional sentence of two years at hard labor, to be served consecutively, without benefit of parole, probation or suspension of sentence was imposed pursuant to LSA-R.S. 14:95.2. Defendant appeals his conviction and sentence, alleging twenty-one assignments of error.[1]
The victim, Albert Bracey, age 19, died from a gunshot wound to the head. The defendant, Stevenson, was 15 years old at the time of the shooting. Bracey had been working on his automobile in front of the defendant's home when an argument ensued between Bracey and the defendant. At some point, the defendant retreated into his home, retrieved a 22 caliber magnum pistol, loaded it and returned. When the argument continued, Bracey advanced toward the home, carrying a wrench. At that point, defendant's pistol discharged, mortally wounding Bracey. Stevenson claimed at trial that he was attempting to raise the gun into the air and fire a warning shot when it accidentally discharged.

ASSIGNMENTS OF ERROR NOS. 2, 4 AND 11
By these assignments of error, defendant argues that the court erred in restricting voir dire of potential jurors.
Assignment of error No. 2 concerns the court's refusal to permit defense counsel to question a potential juror about the sex, race and age of persons who had committed petty crimes against her in the past. The juror testified that she had been the victim of a purse snatching and hubcap thefts within the past five years. The court sustained the state's objections to questions involving the sex, race and age of the perpetrators on the basis of relevance. The juror did state that she did not suspect that the defendant was involved in any of the incidents.
By assignment of error No. 4, defendant contends that the court erred in sustaining the state's objection to a question posed to a potential juror about the credibility of the defendant's family. The following exchange occurred between defense counsel and the potential juror:
"Q. If members of the defendant's family or members of a defendant family were called to testify, would you tend to give less weight to their testimony solely and simply because they are members of the family?
"A. No.
"Q. In other words, do you harbor any belief or concept that, well, they're related so obviously they would try to"
At that point, the state objected, on the ground that defense counsel was seeking to obtain the prospective juror's opinion as to how he would weigh testimony which had not yet been presented. The trial court sustained the objection.
Assignment of error No. 11 involves defense counsel's efforts to elicit responses from a prospective juror about a recent television series which concerned crime in this country. The juror responded that she did not think she had seen the program. When defense counsel then attempted to characterize the nature of the series, the state objected and the court sustained the objection.
It is well-settled that the scope of voir dire examination is within the discretion of the trial court, and its rulings will not be disturbed in the absence of a clear abuse of that discretion. LSA-C.Cr.P. art. 786. In evaluating the fairness of the ruling, the entire examination must be considered. State v. Stucke, 419 So.2d 939 (La.1982); State v. Kohler, 434 So.2d 1110 (La.App. 1st Cir.1983). An examination of the record reveals that the trial court allowed *1129 great latitude in the scope of voir dire; there was no abuse of discretion.
These assignments of error lack merit.

ASSIGNMENT OF ERROR NO. 1
By this assignment of error, defendant argues that the trial court erred in denying a challenge to a prospective juror for cause.
During voir dire, the following exchange occurred between the assistant district attorney and a prospective juror:
"Q. Do you have any notion as you sit today in court, Mr. Henley, that the defendant must have done something wrong elsewhile he would not be here today?
"A. I feel he committed a crime or he wouldn't be here today, yes.
"Q. And in so doing, do you consider that that would at least be one strike against him at this stage?
"A. No. Not really."
Counsel for defendant challenged the juror for cause. In an attempt to rehabilitate the juror, the state continued questioning:
"Q. Can you accept the judge's instructions that the defendant is presumed to be innocent until proven guilty by the evidence beyond a reasonable doubt?
"A. Yes."
The trial court denied the challenge for cause and defendant argues that this constitutes reversible error.
Article 797(2) of the Louisiana Code of Criminal Procedure provides that a juror may be challenged for cause on the ground that he is not impartial. The article goes on to provide that the prospective juror's opinion as to the defendant's guilt or innocence is not sufficient grounds to challenge for cause, "if he declares, and the court is satisfied, that he can render an impartial verdict according to the law and the evidence." The trial judge has wide discretion in ruling on a challenge for cause, and his ruling will not be disturbed on appeal absent a showing of abuse of that discretion. State v. Smith, 437 So.2d 802 (La.1983); State v. Glaze, 439 So.2d 605 (La.App. 1st Cir.1983). There was no abuse of that discretion in the instant case. The juror indicated his ability to follow the court's instructions with regard to the burden of proof concerning defendant's guilt.
This assignment of error lacks merit.

ASSIGNMENT OF ERROR NO. 8
In this assignment of error defendant argues that the trial court erred in denying a mistrial based on its denial of a challenge for cause. The challenge for cause was based upon allegedly prejudicial comments made by a prospective juror.
As noted above, the trial court has broad discretion in ruling on challenges for cause and such a ruling will not be disturbed absent a showing of abuse of discretion. State v. Smith, supra; State v. Glaze, supra. There is no such abuse of discretion present here. In response to defense counsel's question about possible racial prejudice, the prospective juror stated that "10 or 20 years ago" black youths might have been more prone to look for trouble because of difficulty in finding jobs. However, she went on to state that she could fairly judge the evidence without regard to defendant's race. There is no error in the denial of the challenge for cause, nor was there any basis for a mistrial present in the remarks made by the juror.
This assignment of error lacks merit.

ASSIGNMENTS OF ERROR NOS. 5, 6 AND 7
By these assignments of error the defendant argues that the trial court erred in denying his motion for a mistrial based on alleged prejudicial comments made by the judge and prosecutor. Assignment of error No. 5 alleges that the trial judge made prejudicial comments and intimidated defense counsel during voir dire. Assignment of error No. 6 asserts that the prosecutor violated the tenet of article 770 of the Louisiana Code of Criminal Procedure by *1130 referring to the defendant's failure to testify. Assignment of error No. 7 asserts that the trial judge committed prejudicial error by disagreeing with a statement made by defense counsel.
In the interest of brevity, this court will forego a detailed examination of the statements complained of by the defendant and the circumstances surrounding each statement. An examination of the statements complained of by defense counsel reveals that these assignments of error are absolutely meritless. Mistrial is a drastic remedy and should be declared only when unnecessary prejudice results to the accused. State v. Brown, 434 So.2d 1166 (La.App. 1st Cir.1983). There is no error in the trial court's denial of the motions for mistrial in these instances.
These assignments of error lack merit.

ASSIGNMENTS OF ERROR NOS. 9, 10, 12, 13 AND 14
By these assignments of error defendant asserts that the trial court erred in admitting certain photographs into evidence. Defendant contends that the photographs should have been held inadmissible because they are unnecessarily gruesome and because proper foundation for their admission was not established.
The test for the admissibility for allegedly gruesome photographs is whether their probative value outweighs the possible prejudice which may result from their display to the jury. State v. Kelly, 362 So.2d 1071 (La.1978); State v. Cooper, 334 So.2d 211 (La.1976); State v. Kohler, 434 So.2d 1110 (La.App. 1st Cir.1983). Photographs of a deceased victim are generally relevant to prove corpus delicti; to corroborate other evidence of the manner in which death occurred; to establish the location, severity, and number of wounds; and to establish the identity of the victim. State v. Sterling, 377 So.2d 58 (La.1979); State v. Lang, 430 So.2d 1239 (La.App. 1st Cir. 1983).
The photographs which the defendant objects to are of the crime scene and of the victim. Our examination reveals that they are not unduly gruesome. The photograph of the victim, which is understandably unpleasant, is not so offensive as to unduly inflame the jurors and was relevant proof of corpus delicti, manner of death, and the victim's position relative to defendant at the time that the fatal shot was fired. The other photographs, those of the crime scene, are not offensive and are relevant to corroborate the witness' description of the scene of the confrontation between defendant and the victim.
Defendant's contention that a proper foundation was not established for admission of the photographs is totally meritless. The police officer who took the photographs of the crime scene and the investigator who took the picture of the victim both testified at trial and positively identified the photographs which they had taken. There was no error in the ruling that a proper foundation had been laid.
These assignments of error lack merit.

ASSIGNMENT OF ERROR NO. 15
By this assignment of error defendant argues that the trial court erred in denying his motion for a mistrial based on the admission of demonstrative evidence without a proper foundation and the failure to qualify a witness as an expert. The exhibit complained of is a post-mortem diagram prepared by Hillar Moore, an investigator with the East Baton Rouge Parish District Attorney's Office. Moore identified the exhibit as one which he made in conjunction with the autopsy of the victim, at which Moore was present. The diagram depicts the entry point, path of travel and final resting place of the bullet which struck the victim.
The rule concerning the introduction of demonstrative evidence is that the foundation laid must establish that the evidence is connected with the case and has some relevance which the trial court considers sufficient to warrant its introduction. Diagrams are generally admissible to aid the jury if shown to be an accurate *1131 representation of the subject matter in question. The ruling of the trial court relative to admissibility will not be disturbed on appeal absent an abuse of discretion. State v. Prestridge, 399 So.2d 564 (La.1981). Moore positively identified the diagram which he prepared based on his personal observation at the autopsy. There is no error in the admission of the diagram.
Defendant also argues that the court committed error in allowing Moore to testify when he had not been qualified as an expert. LSA-R.S. 15:464 provides as follows:
"On questions involving a knowledge obtained only by means of a special training or experience the opinions of persons having such special knowledge are admissible as expert testimony."
The testimony given by Moore did not constitute expert testimony because no opinion was expressed therein. Moore merely testified with regard to his observations and actions in investigating the death of Albert Bracey.
This assignment of error lacks merit.

ASSIGNMENT OF ERROR NO. 16
In this assignment of error, defendant argues that the court erred when it admitted medical records offered by the state over defendant's objection that the records constituted hearsay evidence. The records were admitted pursuant to LSA-R.S. 13:3714, which creates an exception to the hearsay rule in the case of hospital records. Defendant argues that the statute impermissibly shifts the burden of proof to the defendant in a criminal case.
Our Supreme Court has held that LSA-R.S. 13:3714 is constitutionally valid. State v. Wientjes, 341 So.2d 390 (La.1976); State v. Trahan, 332 So.2d 218 (La.1976). Under the statute, the defendant is given the opportunity to traverse the makers of the medical records. However, the burden of establishing the admissibility of the records remains with the state, which must prove that all the requirements of the statute are met. There is no error in the admission of the medical records.
In brief, counsel for defendant argues that the trial court erred by failing to require the state to qualify a police officer as a medical expert with regard to admission of the medical records. Initially, we note that this issue was not made a part of defendant's assignments of error and is not properly before us on appeal. LSA-C.Cr.P. art. 920. In any event, we find no error. LSA-R.S. 13:3714 provides that the certified copies of medical records are a prima facie evidence of the contents thereof, there is no requirement of expert testimony, or indeed of any testimony, to render the records admissible.
This assignment of error lacks merit.

ASSIGNMENT OF ERROR NO. 17
By this assignment of error defendant argues that the taped statement which he gave to the police was not voluntarily given and that it was therefore erroneously admitted into evidence. Defendant, a 15 year old juvenile, was accompanied by his 21 year old sister, Mary Dolton, at the time he made the statement. He contends that the state failed to prove compliance with the requirements of State In The Interest of Dino, 359 So.2d 586 (La. 1978), cert. denied, 439 U.S. 1047, 99 S.Ct. 722, 58 L.Ed.2d 706 (1978).
The decision in Dino imposes three prerequisites for the valid waiver by a juvenile of his right to counsel and privilege against self-incrimination: The juvenile must have actually consulted with an attorney or adult before waiver; the attorney or adult consulted was interested in the welfare of the juvenile; and, if a non-attorney adult was consulted, the adult was fully advised of the rights of the juvenile. Defendant asserts that Mary Dolton was not fully advised of the rights which were being waived and that the record fails to establish that a consultation between defendant and his sister was held prior to the giving of the taped statement. Our review of the *1132 record reveals that all of the Dino requirements were complied with.
The taped statement itself reflects that Mary Dolton was made aware of the rights that were being waived. The police officers carefully and thoroughly enumerated defendant's rights, ascertaining that both the defendant and his sister understood. Each responded affirmatively that they understood those rights and that defendant wished to make a statement. Additionally, each executed a waiver of rights form which indicated that defendant had been advised of his rights, understood them, and wished to weigh them and make a statement. Both the defendant and Mary Dolton testified at trial that they were given an opportunity alone to discuss whether or not the defendant should make the statement. We find that the Dino factors were met. Prior to making the statement, defendant was afforded a meaningful consultation with a concerned adult who was fully advised of his rights. The statement was properly admitted.
This assignment of error lacks merit.

ASSIGNMENT OF ERROR NO. 18
In this assignment of error defendant argues that the trial court erred in refusing to order admission of a taped statement given to police by Daryl Stevenson, an acquaintance of defendant's who testified at trial. Defendant contends that in addition to Daryl Stevenson's testimony the trial court should have ordered the state to play his recorded "confession" in its entirety. See LSA-R.S. 15:450. This argument is totally without merit. Daryl Stevenson was not an accused in this matter, nor was he present at the scene of the shooting. His statement is not a confession, but a factual narrative of the events which transpired after the shooting. Daryl Stevenson testified at trial with regard to these matters and his testimony was in accord with the taped statement, which was admitted into the record but not played for the jury. That statement, therefore, constituted inadmissible hearsay and its introduction was certainly not required at trial.
This assignment of error lacks merit.

ASSIGNMENTS OF ERROR NOS. 19 AND 21
By these assignments of error, defendant argues that the trial court erred in denying his motions for a directed verdict of acquittal and for a new trial on the grounds of insufficient evidence.
Defendant relies upon Article 778 of the Louisiana Code of Criminal Procedure as authority for the motion for directed verdict. However, that article was amended by Acts No. 527 of 1975. In its current form, Article 778 does not authorize directed verdict in cases tried to a jury, as was the instant case. In the alternative, defendant argues that the prohibition of a directed verdict in jury trials violates the standard of review specified in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). In State v. Hudson, 253 La. 992, 221 So.2d 484 (1969), reversed in part on other grounds, 403 U.S. 946, 91 S.Ct. 2282, 29 L.Ed.2d 856 (1971), the Louisiana Supreme Court declared the mechanism for a directed verdict in a jury trial to be an unconstitutional usurpation of the jury functions. There is no merit in defendant's argument, a motion for directed verdict is not necessary to effectuate the Jackson v. Virginia standard of appellate review.
Defendant also argues that the court erred in denying his motion for a new trial based on the grounds that the verdict was contrary to the law and evidence. Specifically, defendant argues that the state failed to disprove the defense of justification. He asserts that the shooting of Bracey was justified because defendant acted in the belief that he was in imminent danger of losing his life or receiving great bodily harm. Defendant contends that Bracey was threatening him with a pipe wrench when he attempted to fire a warning shot.
*1133 The trial court testimony reveals that defendant and the victim were involved in an argument outside of the defendant's home during the course of which defendant threatened the victim. When the victim responded by threatening defendant with a wrench, the defendant entered his home, went to his bedroom and obtained a gun and bullets. Defendant then loaded the gun and returned outside where the argument continued, resulting in the shooting of Bracey.
LSA-R.S. 14:20(1) provides that a homicide is justifiable when "committed in self-defense by one who reasonably believes that he is in imminent danger of losing his life or receiving great bodily harm and that the killing is necessary to save himself from that danger...." Although there is no unqualified duty to retreat, the possibility of escape is a factor in determining whether or not a defendant had the reasonable belief that deadly force was necessary to avoid the danger. State v. Brown, 414 So.2d 726 (La.1982); State v. Collins, 306 So.2d 662 (La.1975); State v. Bailey, 261 La. 831, 261 So.2d 583 (1972). When the defendant initially retreated from the confrontation the victim returned to working on his automobile. However, defendant returned with a loaded gun and resumed the argument. Having demonstrated his ability to escape the confrontation, defendant instead chose to return and pursue it aided by a deadly weapon. Under those circumstances, any reasonable trier of fact could have concluded that the defendant's actions were not justified and that the state carried its burden of proving that the defendant committed the crime of manslaughter. See LSA-R.S. 14:21. There is no error in the denial of a motion for a new trial.
These assignments of error lack merit.

ASSIGNMENT OF ERROR NO. 20
In this assignment of error defendant argues that the sentence imposed by the trial court is excessive.
The maximum penalty under LSA-R.S. 14:31 for the crime of manslaughter is 21 years at hard labor, there is no minimum penalty. However, Article 893.1 of the Louisiana Code of Criminal Procedure provides that when a firearm is used in the commission of a felony the court shall impose a sentence of five years' imprisonment if the maximum sentence for the offense is five years or more. Additionally, LSA-R.S. 14:95.2 provides that when a firearm is used to commit certain enumerated crimes, including manslaughter, the court shall impose a sentence of two years imprisonment, "in addition to any other penalty imposed...." That statute further provides that the term of imprisonment which it imposes "shall run consecutively to any other penalty imposed upon conviction...." Acting pursuant to these provisions, the court sentenced the defendant to five years imprisonment at hard labor, without benefit of parole, probation, or suspension of sentence. The court also imposed an additional sentence of two years imprisonment at hard labor, without benefit of parole, probation, suspension of sentence or credit for good time, said sentence to run consecutively to the five-year term.
Defendant argues that the trial court erred in imposing sentence under both statutes and that the sentence imposed is excessive. The sentencing provisions of Article 893.1 and LSA-R.S. 14:95.2 are not in conflict and can both be applied in arriving at a sentence. State v. Roussel, 424 So.2d 226 (La.1982). Nor is the sentence imposed excessive. The potential term of imprisonment for manslaughter is twenty-one years. The court exercised its discretion and imposed only the minimum term of five years required by Article 893.1 of the Louisiana Code of Criminal Procedure. The trial court was vested with no discretion to impose a lesser sentence. In light of the seriousness of the crime committed, the sentence imposed is not unconstitutionally excessive.
This assignment of error lacks merit.
For the foregoing reasons, the conviction and sentence of the defendant, James Isaac Stevenson, are affirmed.
AFFIRMED.
NOTES
[1] Assignment of error No. 3 was not briefed on appeal, and is therefore considered abandoned. Rule 2-12.4, Uniform RulesCourts of Appeal.