446 So.2d 915 (1984)
STATE of Louisiana
v.
Wesley McKNIGHT.
No. 83 KA 0863.
Court of Appeal of Louisiana, First Circuit.
February 28, 1984.
Rehearing Granted in Part and Denied in Part April 3, 1984.
Ossie B. Brown, Dist. Atty. by Jeffrey Hollingsworth, Asst. Dist. Atty., Baton Rouge, for plaintiff-appellee.
J.J. McKernan, McKernan & Counce, Baton Rouge, for defendant-appellant.
*916 Before SHORTESS, LANIER and CRAIN, JJ.
CRAIN, Judge.
Defendant was charged with the shooting death of his estranged wife. The couple had been separated for several weeks, and the victim had moved to Baton Rouge from Amite, Louisiana, along with the couple's children. Defendant claimed that the gun went off accidentally as he was attempting to give the gun to his wife. He was indicted for the crime of second degree murder, a violation of La.R.S. 14:30.1. The jury returned a responsive verdict of guilty of manslaughter, and defendant was subsequently sentenced to serve eighteen years at hard labor. This sentence was imposed without the benefit of probation, parole, or suspension of sentence under La.R.S. 14:31 and La.C.Cr.P. art. 893.1, a determination having been made that a firearm was used in the commission of the crime. An additional two year term, consecutive to the first term, also without the benefit of probation, parole or suspension of sentence, was imposed under La.R.S. 14:95.2. Defendant appeals alleging four assignments of error, all of which are concerned with the sentence which was imposed.

ASSIGNMENTS OF ERROR
Defendant alleges the following errors in the imposition of his sentence:
1. The trial court erred by failing to sufficiently articulate the reasons for the sentence under La.C.Cr.P. art. 894.1.
2. The court erred in its interpretation of La.C.Cr.P. art. 893.1.
3. The court imposed an excessive sentence.
4. The court erred by imposing a two year sentence under La.R.S. 14:95.2.
Assignment of error number four was not briefed and is not error patent on the face of the record. It is therefore considered abandoned on appeal. Uniform Rules of the Courts of Appeal, Rule 2-12.4; State v. Trevathan, 432 So.2d 355 (La.App. 1st Cir.1983), writ denied, 437 So.2d 1141 (La.1983).

ASSIGNMENT OF ERROR NUMBER ONE:
Defendant alleges that the trial court erred by imposing sentence without regard to applicable mitigating factors. The trial court, in sentencing defendant, noted for the record what he believed to be mitigating factors such as his belief defendant was not likely to commit another crime. He also went thoroughly into defendant's past record noting what he was and was not considering for sentencing purposes. He also noted that because of the seriousness of the crime, he felt that a lessor sentence would deprecate the seriousness of the incident. The record reflects the trial judge gave due consideration to relevant sentencing factors. It is not necessary for the trial judge to enumerate every factor under La.C.Cr.P. art. 894.1. State v. Lewis, 434 So.2d 1261 (La.App. 1st Cir.1983). This assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER TWO:
In this assignment of error, defendant alleges that the trial court erred by imposing a sentence of 18 years without the benefit of probation, parole or suspension of sentence under La.C.Cr.P. art. 893.1.[1] That article provides for sentencing when a firearm was used in the commission of a felony. Defendant argues that it allows only five years of the sentence to be without benefit of probation, parole, or suspension of sentence. La.C.Cr.P. art. 893.1 calls for a sentence of not less than five years without benefit of parole, probation or suspension when the offender has used a firearm in the commission of a felony that carries a possible maximum sentence of (5) or more years. This in no way implies that a sentence of more than five years without these benefits is prohibited. State v. Moore, 442 So.2d 726 (La.App. 1st Cir.1983). This assignment of error has no merit.

*917 ASSIGNMENT OF ERROR NUMBER THREE:
Defendant argues that the sentence imposed is excessive. Defendant was convicted for the taking of a human life with a firearm. A minimum sentence of 5 years without suspension and without benefit of parole or probation was necessary. Another two years without these benefits, to run consecutively with the sentence imposed, was also required under La.R.S. 14:95.2. The sentence imposed was not excessive. State v. Mathews, 428 So.2d 988 (La.App. 1st Cir.1983).
For the foregoing reasons we affirm the sentence of the trial court.
AFFIRMED.

ON APPLICATION FOR REHEARING
PER CURIAM.
The decision of this court was rendered and mailed on February 28, 1984. This application for rehearing was filed on March 26, 1984. Pursuant to La. C.Cr.P. art. 922, as amended by Act 451 of 1983 and effective August 30, 1983, and application for rehearing must be filed within fourteen days of the mailing of the notice of judgment and the opinion of this court. This application is not timely.
This rehearing is granted solely for the purpose of vacating our patent error ruling. After the decision was handed down, the trial judge below informed this court that the $50.00 was assessed not as a fine under LSA-R.S. 40:1805 but as costs under LSA-R.S. 40:1816(D), which authorizes a district court to assess $50.00 for felonies in each criminal action which results in a conviction, to be paid by the defendant and deposited into the Crime Victims' Reparations Fund. Our patent error ruling was therefore in error. We accordingly vacate it and reinstate the trial court's assessment of cost.
In all other respects, the rehearing is denied.
NOTES
[1] Art. 893.1. Use of firearm in commission of a felony; sentencing

When the court makes a finding that a firearm was used in the commission of a felony and when suspension of sentence is not otherwise prohibited, the court shall impose a sentence which is not less than:
(1) The maximum sentence provided by law, in the same manner as provided in the offense, if the maximum sentence is less than five years, or
(2) Five years, in the same manner as provided in the offense, if the maximum sentence is five years or more.
Imposition or execution of sentence shall not be suspended and the offender shall not be eligible for probation or parole. (footnotes omitted)