454 So.2d 211 (1984)
STATE of Louisiana
v.
David JACKSON.
No. KA 840013.
Court of Appeal of Louisiana, First Circuit.
June 26, 1984.
Rehearing Denied August 24, 1984.
Ossie B. Brown, Dist. Atty., Susan Ponder, Asst. Dist. Atty., Baton Rouge, for plaintiff-appellee.
*212 Jack M. Dampf, Baton Rouge, for defendant-appellant.
Before SHORTESS, LANIER and CRAIN, JJ.
CRAIN, Judge.
Defendant, David Jackson, was found guilty of manslaughter. A firearm was used in the commission of the crime. Defendant appeals his sentence.
Defendant was indicted for the second degree murder of Tyrone Scott on November 3, 1982, in violation of La.R.S. 14:30.1. After a preliminary examination, the trial court ruled there was probable cause only for a charge of manslaughter. Defendant waived trial by jury. On joint motion of the state and defendant, the matter was submitted to the court on the evidence adduced at the preliminary examination and bond reduction hearing. The trial judge then found defendant guilty of manslaughter in violation of La.R.S. 14:31. Defendant was sentenced to fifteen (15) years at hard labor under La.R.S. 14:31, and under La.C.Cr.P. art. 893.1 the sentence was imposed without benefit of probation, parole, or suspension of sentence. The trial judge also imposed an additional sentence of two years at hard labor without benefit or parole, probation, suspension of sentence or credit for good time, pursuant to La.R.S. 14:95.2. The two year sentence is to be served consecutively with the fifteen year sentence. Defendant appeals his sentence.

ASSIGNMENT OF ERROR
Defendant filed one assignment of error urging that the trial court committed error in imposing an illegal sentence, in that the trial court erroneously applied both enhanced penalty statutes, La.C.Cr.P. art. 893.1[1] and La.R.S. 14:95.2[2], to the same offense. On appeal, defendant urges five "issues" and briefs a sixth by supplemental brief. These are actually additional assignments of error. Normally, we would not consider these assignments. State v. Jarreau, 444 So.2d 340 (La.App. 1st Cir. 1983). However, since the issues briefed relate to the legality of the sentence, we will consider them as alleged error patent on the face of the record and review them as such. La.C.Cr.P. art. 920. Some of the issues are redundant. The different issues raised are as follows:
A. IS NOTICE REQUIRED BEFORE IMPOSITION OF SENTENCE UNDER BOTH LA.C.CR.P. ART. 893.1 AND LA.R.S. 14:95.2?
This issue has recently been decided adversely to the defendant in State v. Moore, 442 So.2d 726 (La.App. 1st Cir. 1983). Therefore, we find no merit to this argument.
*213 B. CAN A SENTENCE OF MORE THAN FIVE YEARS WITHOUT BENEFIT OF PROBATION, PAROLE OR SUSPENSION OF SENTENCE BE IMPOSED UNDER LA. C.CR.P. ART. 893.1?
We have recently decided this issue adversely to the defendant in State v. McKnight, 446 So.2d 915 (La.App. 1st Cir. 1984). There is no merit to this argument.
C. DID LA.C.CR.P. ART. 893.1 IMPLIEDLY REPEAL LA.R.S. 14:95.2?
We have recently decided this issue. Cf. State v. Stevenson, 447 So.2d 1125 (La. App. 1st Cir.1984). We would additionally point out that La.C.Cr.P. art. 893.1 requires that if a firearm is used in commission of a felony the full sentence be imposed if the possible penalty is less than 5 years, and at least 5 years of the sentence be imposed if the possible sentence exceeds 5 years. It also requires that the sentence imposed not be suspended and that there be no benefits of parole or probation. This statute does not in any way change the possible length of sentence provided for the particular felony. It simply states a required minimum and a manner of serving the sentence already provided for in the felony. La.R.S. 14:95.2 on the other hand provides an additional penalty for particular crimes over and above the penalty provided for the crime itself if a firearm is used. The two statutes thus provide different results that are not in conflict. We find no merit in this argument nor in the assignment of error.
D. IS THE MINIMUM SENTENCE UNDER LA.C.CR.P. ART. 893.1 AND LA.R.S. 14:95.2 UNCONSTITUTIONALLY EXCESSIVE?
Defendant contends that the combination of La.C.Cr.P. art. 893.1 and La.R.S. 14:95.2 imposes a mandatory minimum sentence that is unconstitutionally excessive. We disagree. The mandatory minimum sentence to which defendant is exposed is seven yearsfive years under La.C.Cr.P. art. 893.1 and two years under La.R.S. 14:95.2. Under the manslaughter statute alone, defendant is exposed to a possible sentence of twenty-one years. La.R.S. 14:31. There is no constitutional infirmity with the sentence being excessive nor with the fact that it is possible to impose a sentence in excess of that provided for the particular crime of manslaughter. State v. Roussell, 424 So.2d 226 (La.1982). These statutes provide additional minimum penalties where firearms are used in crimes. Such crimes are more serious than those where firearms are not used. See, for example, armed robberyLa.R.S. 14:64. These statutes have a rational basis reasonably related to a governmental interest to be advancedto discourage the use of firearms in the commission of crimes.
E. CAN THE SENTENCE UNDER LA. R.S. 14:95.2 BE AT HARD LABOR?
Defendant contends in his supplemental brief that the two year additional sentence imposed under La.R.S. 14:95.2 is illegal because this sentence was imposed at hard labor even though the statute does not expressly provide that the sentence be imposed at hard labor.
Although La.R.S. 14:95.2 does not expressly provide that the sentence be imposed at hard labor, we think it was proper for the trial judge to impose the sentence in that manner. La.R.S. 14:95.2 provides for an additional penalty for certain enumerated crimes when a firearm or explosive device is used. A conviction for most of the enumerated crimes mandates imprisonment at hard labor. The exceptions are aggravated battery, La.R.S. 14:34, and simple kidnapping, La.R.S. 14:45, which provide for imprisonment with or without hard labor. La.R.S. 14:95.2 creates an additional penalty, not a separate crime. Roussell, 424 So.2d at 232. Since the purpose of La.R.S. 14:95.2 is to provide for an additional penalty when a firearm or explosive device is used in particular crimes that either mandate or allow for imprisonment at hard labor, it is appropriate for a trial judge to also impose this additional penalty at hard *214 labor where the original penalty is imposed at hard labor.
We find no merit in defendant's argument that his sentence is illegal.
For the reasons assigned, the sentence imposed by the trial court is affirmed.
AFFIRMED.
NOTES
[1] La.C.Cr.P. art. 893.1:

When the court makes a finding that a firearm was used in the commission of a felony and when suspension of sentence is not otherwise prohibited, the court shall impose a sentence which is not less than:
(1) The maximum sentence provided by law, in the same manner as provided in the offense, if the maximum sentence is less than five years, or
(2) Five years, in the same manner as provided in the offense, if the maximum sentence is five years or more.
Imposition or execution of sentence shall not be suspended and the offender shall not be eligible for probation or parole.
[2] La.R.S. 14:95.2:

Notwithstanding any other provisions of law to the contrary, any person who uses a firearm or explosive device at the time he commits or attempts to commit the crime of second degree murder, manslaughter, aggravated battery, simple kidnapping, aggravated escape, aggravated burglary, or aggravated arson or attempted aggravated rape, attempted first degree murder or attempted aggravated kidnapping shall upon conviction serve a term of two years imprisonment for the first conviction and upon conviction for each second and subsequent offense listed in this Section, he shall serve a term of five years imprisonment. The penalty provided herein shall be in addition to any other penalty imposed under the provisions of this Title and such person shall serve the additional term of imprisonment without benefit of parole, probation, suspension of sentence or credit for good time and any adjudication of guilt or imposition of sentence shall not be suspended.
The prison terms provided under the provisions of this Section, shall run consecutively to any other penalty imposed upon conviction of any of the crimes listed in this Section.