COLE, Judge.
The issues raised in this appeal relate solely to defendant’s sentence. Defendant, Roland Harleaux, Jr., was charged by bill of information with one count of attempted second degree murder. He pled guilty and was sentenced to five years at hard labor, without benefit of probation, parole or suspension of sentence. In accordance with the provisions of R.S. 14:95.2, the court also imposed an additional sentence of two years in the parish prison, without benefit of probation, parole or suspension of sentence. Defendant has appealed, alleging three assignments of error with respect to his sentence.
In his first assignment of error, defendant argues the sentence imposed upon him is excessive. Initially, we note defendant’s sentence was the minimum the court could impose. Under Code of Crim.P. art. 893.1, the court was required to impose a sentence of at least five years, which could not be probated. An additional sentence of two years, which could not be probated, for the use of a firearm was also statutorily mandated under R.S. 14:95.2.'
Thus, the court did not have the discretion to impose a sentence less than seven years, although a much more stringent term of imprisonment could have been imposed. Defendant could have received a sentence of fifty years at hard labor. R.S. 14:27 and 14:30.1.
Even if the sentence imposed had not been statutorily mandated, the facts present are sufficient to support it. While in a state of intoxication, defendant shot at three people, one of whom was a state trooper. Two of the victims were hit and wounded, although not seriously. Considering the seriousness of defendant’s actions, the number of people endangered by him and the maximum possible sentence to which he was exposed, we do not find the sentence imposed excessive.
In his second assignment of error, defendant claims the court failed to adequately particularize the sentence to him as required by Code of Crim.P. art. 894.1. Code of Crim.P. 894.1 establishes guidelines for the court to consider before imposing sentence. Although the court need not articulate every aggravating and mitigating factor, the record must reflect adequate consideration of these guidelines. However, even when the court has not complied with Code of Crim.P. art. 894.1, it *672 is not necessary to remand for resentenc-ing if the sentence imposed is not apparently severe in relation to the particular offender or the offense committed. State v. Davis, 448 So.2d 645 (La.1984).
Defendant’s sentence is not apparently severe in view of the facts surrounding this offense. The court noted these facts in imposing sentence. Further, although the factors which tend to mitigate the offense were not enumerated by the court, defense counsel set them forth very clearly, and the court specifically indicated it considered these factors in deciding not to impose a more severe sentence. Accordingly, this assignment of error is without merit.
In his last assignment of error, defendant contends the court’s utilization of both Code of Crim.P. art. 893.1 and R.S. 14:95.2 in imposing sentence violates constitutional prohibitions against double punishment for the same act. He argues the legislature intended to impose enhanced penalties under Code of Crim.P. art. 893.1 only for those offenses not already provided for under R.S. 14:95.2.
In Missouri v. Hunter, 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983), the United States Supreme Court recently considered the scope of protection accorded with regard to cumulative sentences imposed in a single trial. The Court, noting it was the role of the legislature to proscribe the scope of punishments stated:
“[T]he Double Jeopardy Clause does no more than prevent the sentencing court from proscribing greater punishment than the legislature intended.
“Where ... a legislature specifically authorized cumulative punishments under two statutes ... the trial court or jury may impose cumulative punishment under such statutes in a single trial.” 103 S.Ct. at 678-9.
The pertinent inquiry is therefore whether or not the legislature intended to allow the application of both Code of Crim.P. art. 893.1 and R.S. 14:95.2 in imposing sentence.[1]
Whenever a firearm is used in the commission of a felony, Code of Crim.P. art. 893.1 requires the trial court to impose the maximum possible sentence if that sentence is less than five years and to impose a sentence of at least five years in all other cases. This provision does not increase the maximum sentence already provided for the commission of a particular offense, but merely establishes a mandatory minimum sentence. It also requires the sentence to be served without the benefit of parole, probation or suspension of sentence. R.S. 14:95.2 requires the imposition of a two year sentence, in addition to the penalty provided for the particular felony, if a firearm is used in certain enumerated felonies, including attempted second degree murder.
This Court has previously determined these provisions are not in conflict and can both be applied in imposing sentence. State v. Stevenson, 447 So.2d 1125 (La.App. 1st Cir.1984), motion for delayed appeal denied, 450 So.2d 951 (La.1984). Each of these provisions advances a different legislative objective; one to set forth a minimum penalty when a firearm is used in the commission of any felony, and the other to impose a separate, additional penalty when a firearm is used in the commission of certain enumerated crimes. The legislature obviously regarded the felonies enumerated in R.S. 14:95.2 as offenses which present an increased danger to human life when committed with a firearm or explosive device. For this reason, it estab *673 lished an additional penalty, over and above the penalty already provided for the particular felony, when these offenses are committed in such a manner. Accordingly, since the objective and result achieved by each of these provisions is different, we find the legislature clearly intended to permit the application of both provisions in cases such as the present one.
Defendant contends a contrary intent is shown by the fact that R.S. 14:95.2 specifically prohibits suspension of sentence, because Code of Crim.P. art. 893.1 is applicable only when suspension of sentence is not otherwise prohibited. This contention lacks merit. The prohibition in R.S. 14:95.2 is applicable only to the additional two year sentence it mandates. Since R.S. 14:95.2 does not prohibit the suspension of the original felony sentence, it can be applied together with Code of Crim.P. art. 893.1 in imposing sentence.
For the above reasons, we affirm defendant’s sentence.
AFFIRMED.

. In support of his argument that cumulative punishments are constitutionally prohibited, defendant relies upon Prince v. United States, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370 (1957) and Bell v. United States, 349 U.S. 81, 75 S.Ct. 620, 99 L.Ed. 905 (1955). These cases do not support defendant’s position. In each of these cases, the court was concerned with whether or not a particular transaction constituted one or two separate offenses. The court refused to allow multiple punishment because of its conclusion that Congress did not intend to create two separate offenses in these particular cases. There is no conflict between these cases and our treatment of the present matter.