EDWARDS, Judge.
Shirley Stewart was charged by bill of information with attempted second degree murder, a violation of LSA-R.S. 14:27 and 14:30.1.[1] Defendant entered a plea of not guilty and, after a jury trial, was convicted of the responsive offense of aggravated battery. (LSA-R.S. 14:34) The trial court sentenced defendant to serve five *580 years at hard labor (LSA-R.S. 14:34), without benefit of probation, parole or suspension of sentence (LSA-C.Cr.P. art. 893.1), and two years at hard labor, without benefit of probation, parole or suspension of sentence (LSA-R.S. 14:95.2), the sentences to run consecutively. Defendant has appealed, alleging error in his sentencing.
Defendant was charged with the attempted murder of her former boyfriend, Louis Curtis, Jr. Evidence at trial, including defendant’s own testimony, established that she went to the house the victim shared with his parents early in the morning of January 15, 1982. Although the victim had never threatened defendant in any way, she took a .22 caliber pistol with her and waited outside for Curtis to leave for work. At approximately 6:00 a.m., he went outside to his truck. Curtis testified that, when he saw movement along the eastern side of the house, he froze and waited. Immediately thereafter, he saw someone run alongside the house. The person ran up to him and stuck a gun in his side, saying, “Fve got you now,” and shot him in the left side. According to the victim, after he was shot, he struck his assailant in the head and knocked the gun out of her hand. He then kicked the gun away from the area, and called to his parents to summon an ambulance and the police. He testified that he sat on his assailant, whom he identified as defendant, until the police arrived. By means of a laparoto-my at the Baton Rouge General Hospital, a surgeon determined that the bullet was securely lodged inside a bone, and decided not to remove it. Defendant was apprehended at the scene.
ASSIGNMENT OF ERROR NUMBER ONE
Defendant claims that the trial court erred in sentencing her under LSA-R.S. 14:95.2 because she was not given prior notice, nor alerted by separate bill of information, that she would be charged with the use of a firearm, nor did the state mention in any pleading that a firearm was the instrumentality of the crime.
In State v. Roussel, 424 So.2d 226 (La.1982), the Louisiana Supreme Court considered this issue. Noting that section 95.2 does not create a separate crime but, rather, mandates penalty enhancement when a person uses a firearm or explosive device at the time he commits certain crimes, the court held that the accused need not be separately charged under this statute. The penalty enhancement, which is imposed at the sentencing hearing, is based on proof at trial that defendant used a firearm, and thus defendant is given adequate notice and opportunity to defend against it.
Defendant acknowledges the holding of Roussel, but argues that the fourteenth amendment to the United States Constitution and article 1, section 13 of the Louisiana Constitution require that a formal charge be made. We disagree. This court has consistently followed the rationale of Roussel. See State v. Jackson, 454 So.2d 211, 213 (La.App. 1st Cir.1984); State v. Moore, 442 So.2d 726, 728 (La.App. 1st Cir.1983). We find no merit to this argument.
Defendant further argues that, even if the accusation of the use of a firearm need not be made by formal charge, cases construing the statute have required that adequate notice be given the accused. State v. Cage, 444 So.2d 347 (La.App. 1st Cir.1983), cert. denied, 446 So.2d 1214 (La.1984). In brief, defense counsel specifically alleges that no pleading by the State ever informed her that she was accused of having used a firearm. The record belies this assertion. In response to defendant’s motion for discovery, the State answered that a revolver with eight (8) live rounds and one spent round were within its control, intended for use at trial. Further, in accordance with article 768 of the Code of Criminal Procedure, the State notified defendant that it intended to use a statement in which defendant admitted shooting the victim, though claiming it was accidental. Thus defendant had notice even in advance of trial that she was accused of *581 having used a firearm. This assignment of error lacks merit.
ASSIGNMENT OF ERROR NUMBER TWO
Defendant urges that the trial court erred in specifying that the sentence imposed under LSA-R.S. 14:95.2 be served at hard labor, as the statute in effect at the time of the commission of the offense did not specifically provide that the imprisonment be at hard labor.[2]
Since the purpose of LSA-R.S. 14:95.2 is to provide for an additional penalty when a firearm or explosive device is used in particular crimes that either mandate or allow for imprisonment at hard labor, it is appropriate for a trial judge to impose this additional penalty at hard labor where the original penalty is at hard labor. Jackson, 454 So.2d 211, 213-14. This assignment of error has no merit.
ASSIGNMENT OF ERROR NUMBER THREE
Defendant contends that the court erred by applying both LSA-C.Cr.P. art. 893.1 and LSA-R.S. 14:95.2 in the imposition of sentence. This court has held that these articles are not in conflict. See State v. Harleaux, 461 So.2d 670, 672-73 (La.App. 1st Cir.1984); Jackson, 454 So.2d at 213; State v. Stevenson, 447 So.2d 1125, 1133 (La.App. 1st Cir.), motion for delayed appeal denied, 450 So.2d 951 (La.1984). Article 893.1 sets a minimum sentence when a firearm is used in the commission of a crime, and section 95.2 mandates an additional penalty. In Harleaux, this court expressly found that the objectives and results of these provisions are different, and thus that the legislature clearly intended to permit the application of both provisions in cases such as the present one. Accordingly, this assignment of error lacks merit.
ASSIGNMENT OF ERROR NUMBER FOUR
Finally, defendant contends that the trial court imposed an excessive sentence, pointing out that the trial judge indicated that, but for the provisions of LSA-R.S. 14:95.2 and LSA-C.Cr.P. art. 893.1, he would have given serious consideration to a suspended sentence.
Defendant received the absolute minimum sentence. Even if the sentence had not been statutorily mandated, the facts support the imposition of her sentence. Although defendant argues that the shooting was accidental, the victim testified to the contrary. Medical evidence established that defendant was fortunate to have survived the attack. Defendant could have been sentenced to serve ten years at hard labor for aggravated battery (LSA-R.S. 14:34) plus the additional two years mandated by LSA-R.S. 14:95.2. Under the circumstances the sentence is quite lenient; this assignment of error lacks merit.
In light of the foregoing, the sentence is affirmed.
AFFIRMED.

. The bill of information does not reflect that defendant was charged with violation of LSA-R.S. 14:27. The bill does state, however, that she was charged with the attempt to commit second degree murder. "Error in the citation or its omission shall not be ground for dismissal of the indictment or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice.” LSA-C.Cr.P. art. 464. The record clearly reflects that defendant was cognizant of the charge. The omission of the numerical designation of the attempt statute did not mislead defendant in any way.

. Section 95.2 provided for an additional "two years imprisonment.” Section 95.2 now provides in addition that the "person shall serve the additional term in the same manner as provided in the offense for which he was convicted.” LSA-R.S. 14:95.2 (as amended by 1984 La. Acts 467 § 1).