GROVER L. COVINGTON, Chief Judge.
John Henry Williams, Jr., was indicted for second degree murder, LSA-R.S. 14:30.-1.He pled not guilty and was tried by jury. The jury found him guilty of the responsive offense of manslaughter. He was sentenced to fifteen years at hard labor, two years of which, under LSA-R.S. 14:95.2, are without benefit of probation or parole, suspension of sentence or credit for good time.
He has appealed alleging five assignments of error:
1. The trial court erred in giving the defendant an excessive and illegal sentence.
2. The trial court erred in not granting the defendant a mistrial when the prosecutor referred, during his opening statement, to a confession of the defendant.
3. The trial court erred in not granting the defendant’s motion for a post-verdict judgment of acquittal.
4. The trial court erred in not granting the defendant’s motion for a new trial.
5. The trial court erred in failing to suppress the statement given by the defendant and the physical evidence seized.
The case arises out of the following set of facts: on August 20, 1983, at approximately 8:00 p.m., defendant was at his mother-in-law’s house. He lived next door and he had just gotten home and turned on the lights and air-conditioner before he walked over to his mother-in-law’s house to use the phone. While there he heard a truck coming down the driveway which he knew belonged to the victim, Garfield Branch. Defendant told his mother-in-law that he was leaving since he had had an altercation with Branch earlier, because Branch thought that he (defendant) was having an affair with Branch’s wife. The defendant left the house and walked down beside the house. It was at this point that the defendant fired two shots at Branch, who was mortally wounded and died at the scene. Defendant testified that Branch was standing on the other side of the truck from him when he saw something flash; he then pulled out his pistol and fired two shots in the direction of Branch. Defendant fled the scene, but later surrendered himself at the Sheriff’s office. He then gave an inculpatory statement to Officers Bell and Messer, which statement was introduced in evidence.
ASSIGNMENT OF ERROR NUMBER 1:
Defendant first argues that the trial court erred in imposing on him an excessive and illegal sentence.
The trial judge is given a wide discretion in the imposition of sentence within statutory limits, and the sentence imposed by him should not be set aside in the absence of manifest abuse of discretion. State v. Washington, 414 So.2d 313 (La.1982).
In setting forth his reasons for imposing the sentence of 13 years for manslaughter, the trial judge carefully examined the character and propensities of the defendant and the circumstances surrounding the crime. He noted both the mitigating and aggravating factors delineated in LSA-C.Cr.P. art. 894.1, and concluded that the factors against the defendant were sufficient to require a period of incarceration. Because of the serious consequences, the judge felt that a lesser sentence than incarceration would depreciate the seriousness of the crime.
A reviewing court will not substitute its judgment for that of the trial court unless the sentence imposed is grossly out of proportion to the crime. State v. Davenport, 445 So.2d 1190 (La.1984). In our opinion, defendant’s sentence, when all of the circumstances are considered, is not out of proportion to the crime, which involved a death.
*619 Defendant has argued further that LSA-R.S. 14:95.2 does not provide for hard labor, and the sentence is thus illegal. The statute in effect at the time of the offense did not provide specifically for imprisonment at hard labor. In State v. Jackson, 454 So.2d 211 (La.App. 1st Cir.1984), the court discussed the issue of hard labor and decided that, even though not expressly provided for, the imposition of hard labor was nevertheless, proper. The court therein stated that, since the purpose of LSA-R.S. 14:95.2 is to provide for an additional penalty when a weapon is used in particular crimes that mandate or allow for imprisonment at hard labor, it is proper for a trial judge to impose this additional penalty at hard labor where the original penalty is imposed at hard labor.
We have considered the entire record made in the present case and find that it supports the sentence imposed by the trial judge. We, therefore, decline to substitute our judgment for the considered judgment of the trial judge.
Assignment of error number one lacks merit.
ASSIGNMENT OF ERROR NUMBER 2:
Defendant argues next that the trial court erred in not granting him a mistrial when the prosecutor referred to a confession during his opening statement in violation of LSA-C.Cr.P. art. 767.
Defendant made objection to the reference, and moved for a mistrial. The judge denied a mistrial, but agreed to admonish the jury to disregard the statement if the defense wished. The defense declined the admonition.
In State v. Whitmore, 353 So.2d 1286 (La.1977), the defendant sought a mistrial on the ground that the state improperly mentioned his confession in its opening statement. The court held that since the defendant suffered no prejudice from the premature reference to a confession, a mistrial need not be granted. The court found no prejudice because the defendant had been put on notice that the state intended to use the statement and the statement was later admitted in evidence. The same situation exists in the instant case; notice was given and the statement was admitted in evidence.
We find that in the instant case the trial judge did not err in refusing to grant a mistrial. The defendant was not prejudiced.
The second assignment of error is without merit.
ASSIGNMENT OF ERROR NUMBERS THREE AND FOUR:
The third and fourth assignments of error are concerned with the sufficiency of the evidence and will be discussed together.
The basis of these assignments is that there was insufficient evidence presented by the state to carry its burden of proof that the defendant did not kill Branch in self-defense beyond a reasonable doubt. To reverse a trial court (trier of fact) on insufficiency of evidence, the issue is whether a rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could have found all the essential elements of the crime, including the negation of self-defense in the case of a homicide, proved beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
In the instant case, the defendant claims that his actions were taken in self-defense. When self-defense is raised as an issue by the defendant, the state has the burden of proving, beyond a reasonable doubt, that the homicide was not perpetrated in self-defense. State v. Savoy, 418 So.2d 547 (La.1982).
LSA-R.S. 14:20 provides in part:
A homicide is justifiable:
(1) When committed in self-defense by one who reasonably believes that he is in imminent danger of losing his life or receiving great bodily harm and that the killing is necessary to save himself from that danger; ...
Thus, the issue is whether a rational fact finder, viewing the evidence in the light most favorable to the state, could have found beyond a reasonable doubt that the *620 homicide was not committed in self-defense. See State v. Matthews, 464 So.2d 298 (La.1985).
The evidence clearly shows that the defendant provoked the confrontation with the victim. The physical evidence, even standing alone, strongly establishes that the defendant was the aggressor. Although the victim was a larger man than the defendant, he had no weapon and displayed no intent to inflict great bodily harm on the defendant. The defendant received no injuries. The evidence shows that the defendant did not believe himself in imminent danger of receiving great bodily harm. He could easily have returned to his own house, which was next door, and avoided any confrontation with the victim. Instead,' he chose to make an unprovoked attack upon the victim. He did not display his weapon before shooting or fire any warning shots. He deliberately shot at the victim, striking him with the fatal shots.
We conclude that a rational trier of fact could have concluded that the state carried its burden of proving beyond a reasonable doubt that the defendant’s actions were not taken in self-defense.
The only testimony even remotely tending to indicate that the defendant acted in self-defense was his own uncorroborated statement. The state’s evidence presents a strong showing that the defendant’s attack on Branch was not necessary to prevent loss of his life or great bodily harm and that the force used by Williams was unreasonable under the circumstances. Hence we find the evidence establishes that the homicide was not perpetrated in self-defense.
We find no merit in these assignments of error.
ASSIGNMENT OF ERROR NUMBER 5:
Defendant argues that the trial court erred in failing to suppress the statement given by the defendant and the physical evidence seized.
LSA-R.S. 15:451; and LSA-C.Cr.P. art. 703(G) provide that, before a confession or inculpatory statement may be introduced in evidence, the state must affirmatively prove that the statement is free and voluntary and not made under the influence of fear, duress, intimidation, menaces, threats, inducements or promises. State v. Nathan, 444 So.2d 231 (La.App. 1st Cir. 1983), writ denied 445 So.2d 1232 (La.1984).
The court conducted a thorough examination with respect to the motion to suppress. After all the evidence had been presented, the court concluded:
“I don’t find any contradiction among the officers ... the time periods are in sequence ... I simply believe that, the consistency of the officers’ testimony who really have been independent of one another and not inconsistent and is the version that I will accept”.
There is ample evidence in the record to support the judge’s conclusion. The officers read defendant’s rights to him. They explained his rights, and determined that he understood them. The evidence shows that defendant’s statement was taken only after defendant had been fully apprised of his rights. The evidence shows that the’ inculpatory statement was given freely and voluntarily, and not made under the influence of fear, duress, intimidation, menaces, threats, inducements or promises. There are no grounds to suppress the statement or any of the physical evidence.
This assignment is without merit.
For the above and foregoing reasons, the defendant’s conviction and sentence are affirmed.
AFFIRMED.