450 So.2d 1053 (1984)
STATE of Louisiana
v.
Howard L. JACKSON.
No. 83-KA-1129.
Court of Appeal of Louisiana, First Circuit.
May 30, 1984.
*1054 Bryan E. Bush, Jr., Baton Rouge, for defendant, Howard L. Jackson, and appellant.
T. Barry Wilkinson, Asst. Dist. Atty., Port Allen, for State of La. and appellee.
Before LOTTINGER, EDWARDS and ALFORD, JJ.
EDWARDS, Judge.
Howard L. Jackson, convicted of aggravated rape and sentenced to life imprisonment at hard labor without benefit of parole, probation or suspension of sentence, appeals this conviction, alleging four assignments of error. We affirm.
Jackson abducted the victim outside a Baton Rouge nightclub, where she had been celebrating a friend's birthday, on the night of February 19, 1983, and ordered her at gunpoint to drive across the river to Port Allen in West Baton Rouge Parish where, threatening to "blow her mother f____ brains out" if she resisted, he raped her twice in a cane field in a place called Poplar Grove. In the respite between the rapes, he stole some money, a set of car keys, and some other items from her purse.
West Baton Rouge sheriff's deputies spotted Jackson as he was driving out of the cane field, and mistaking him for another man they had been searching for that night, attempted to pull him over. Instead of pulling over, however, Jackson led them on a high-speed chase through the town, the police in pursuit with sirens blaring and lights flashing. He forced one of the police cars off the road into a ditch before cornering himself in a dead-end alley.
Huddled in the passenger seat with a gun at her head during the chase, the victim jumped out of the car when it stopped and ran to safety. Jackson attempted to escape on foot but was apprehended and subdued after a brief but violent struggle with the deputies under a dilapidated cypress shack behind a nearby residence.
In his first assignment of error, defendant contends that the trial court erred in overruling his objection to the State's allusion during opening statements to an allegedly inculpatory statement.
During the rape, the rapist said several times, "Shut up bitch, I'm going to blow your mother f____ brains out." At a pretrial lineup, each participant or stand-in was asked to repeat the statement to aid the victim in identifying the rapist. The victim positively identified the defendant as the rapist when he repeated the statement.
In his opening statement, the District Attorney referred to the statement and the pretrial identification. Defense counsel objected, arguing that the statement was inculpatory and prohibited under LSA-C. Cr.P. art. 767[*] from being referred to in the opening statement. The trial court overruled the objection, ruling that the statement was not inculpatory.
An inculpatory statement is defined as an admission of incriminating facts made by the defendant after, not *1055 before or during, the commission of the crime. See State v. Michel, 422 So.2d 1115 (La.1982). The statement here was repeated by each stand-in at the pretrial lineup in order to facilitate identification and was not therefore an admission of incriminating facts. Moreover, because the statement was originally made during the offense, it formed a part of the res gestae. See LSA-R.S. 15:448. References to the res gestae during opening statement are neither prohibited nor improper. See e.g., State v. Belgard, 410 So.2d 720 (La.1982); State v. Craddock, 435 So.2d 1110 (La.App. 1st Cir.1983). This assignment lacks merit.
In assignment of error No. 2, the defendant contends that the trial court erred in allowing the State to refer, again during opening statements, to allegedly inadmissible evidence of other crimes in violation of LSA-C.Cr.P. art. 770.
In opening remarks, the District Attorney said the State intended to introduce the money and the car keys taken from the victim during the rape. The defense counsel moved for mistrial. The State argued that the items referred to, like the statement above, were a part of the res gestae and relevant to the issue of the rapist's identity. The trial court correctly denied the motion.
The prohibition against references to inadmissible evidence of other crimes under article 770 does not include evidence of words or actions which form a part of the res gestae. State v. Brown, 428 So.2d 438 (La.1983); LSA-R.S. 15:447. To constitute res gestae, those actions or words must be necessary incidents of the criminal act, or immediate concomitants of it, or form in conjunction with it one continuous transaction. LSA-R.S. 15:448.
In the present case, the theft of the money and the car keys can fairly be said to constitute one continuous transaction with the aggravated rape. Reference to this evidence was not therefore improper. This assignment accordingly lacks merit.
In assignment of error No. 3, defendant contends that the trial court erred in admitting into evidence a photographic display of the pretrial identification after the victim had already made an in-court identification. Essentially, he argues that the evidence was unduly cumulative, unnecessary, and therefore prejudicial to the defendant.
This argument is totally meritless. Proper identification of the defendant is very often the crucial issue in a rape case. In light of the State's heavy burden of proof and the risk of misidentification, we find it difficult to imagine a situation where the corroborating evidence of a positive pretrial identification, when conducted with the proper constitutional safeguards, should be excluded on the grounds of unnecessary cumulation. The evidence is of course prejudicial to the defendant; it tends to prove his guilt of the crime. Compare State v. Brown, supra; State v. Jones, 381 So.2d 416 (La.1980).
Identification was an issue in this case, and the pretrial identification corroborated the victim's in-court identification of the defendant as the rapist. It was not unfairly prejudicial to the defendant, and the trial court correctly admitted the photographic display into evidence.
In his final assignment of error, the defendant contends that the trial court erred in allowing the State to introduce into evidence the stolen money and car keys without laying the proper foundation.
The victim testified that she had informed the deputies on the night of the crime that defendant had taken from her purse an extra set of car keys, an unmarked bottle of diet pills, and some moneya ten dollar bill, a five, four ones and some change. Immediately after his arrest, the defendant was placed in a cell in West Baton Rouge Parish Courthouse, but a search of his clothing, conducted some time later that night, revealed only the bottle of diet pills. Defendant was transferred to the East Baton Rouge Parish Prison on the morning of the 21st or the 22nd, and another man was placed in his cell for a brief period of time on the 23rd. On the morning of the 25th, after an unsuccessful *1056 search of the area where the defendant had been cornered and subsequently arrested, the deputies searched the defendant's original holding cell and found in the drain pipe the missing car keys and the moneya ten, a five, four ones and some changebut were able to extract only the money and the key to the trunk of the car. The victim positively identified the trunk key as her own.
Defense counsel argues that because the deputies failed to find the items on the defendant after their initial search of his person, and because another man occupied the holding cell after the defendant, the State failed to establish that defendant ever had possession of the stolen items.
There are only three possible explanations how the money and the keys came to be in the drain: the defendant hid them there; the other man hid them there; or the sheriff's deputies hid them there. Since there is no evidence even remotely linking the other man to this case, and since we find preposterous any suggestion that the West Baton Rouge Parish deputies planted the evidence in the drain, either to frame the defendant or to strengthen the State's case, the only reasonable conclusion is that the defendant hid them there after his arrest. While the deputies could have been more diligent and searched the defendant sooner than they did on the night of the arrest, the circumstances logically point to the defendant's possession of the stolen items. The trial court therefore did not err in admitting the items into evidence. This assignment lacks merit.
For the foregoing reasons, the defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[*] "The state shall not, in the opening statement, advert in any way to a confession or inculpatory statement made by the defendant." LSA-C.Cr.P. art. 767.