451 So.2d 1181 (1984)
STATE of Louisiana
v.
Vernell JONES.
No. KA 83 1417.
Court of Appeal of Louisiana, First Circuit.
May 30, 1984.
*1183 Ossie B. Brown, Dist. Atty., Baton Rouge, for plaintiff-appellee.
Johnnie Matthews, Baton Rouge, William J. Guste, Jr., Atty. Gen., State of La., New Orleans, for defendant-appellant.
Before COVINGTON, COLE and SAVOIE, JJ.
COVINGTON, Judge.
Defendant, Vernell Jones, was charged by bill of information with having committed a battery with a dangerous weapon on October 2, 1982, upon Johnny Lanus in violation of LSA-R.S. 14:34 (aggravated battery). Defendant entered a plea of not guilty, was tried by a six-person jury, and was found guilty as charged. He received a sentence of five years at hard labor without probation, parole or suspension of sentence pursuant to LSA-R.S. 14:34 as regulated by LSA-C.Cr.P. art. 893.1 and, additionally, two years at hard labor without probation, parole or suspension of sentence or credit for good time, pursuant to LSA-R.S. 14:95.2, to be served consecutively to the five year sentence. Defendant now appeals his conviction and sentence, alleging six assignments of error:
1. The trial court erred in sentencing defendant under the provisions of Article 893.1 of the Louisiana Code of Criminal Procedure and Article 95.2 of Title 14 of Revised Statutes of Louisiana, without regard for the sentencing guidelines set forth in Article 894.1 of the Louisiana Code of Criminal Procedure.
2. The trial court erred in using both LSA-C.Cr.P. art. 893.1 and LSA-R.S. 14:95.2 to punish the same act.
3. The trial court erred in failing to take into account the circumstances of the case and the character of the accused in imposing an unreasonable and unfair sentence.
4. The trial court erred in imposing an excessive sentence upon defendant in light of the fact that he was a first offender.
5. The trial court erred in not granting defendant a mistrial when evidence of another crime was introduced by the victim herein.
6. The trial court erred in not allowing defendant to go into the victim's prior acts of hostile demonstrations and overt acts against defendant and other parties.
On October 2, 1982, defendant and the victim, Johnny Lanus, were both attending a fund-raising function in the Gus Young Community Center in East Baton Rouge Parish. A dialogue took place between the two, apparently over a girlfriend. Each of them left separately and went outside, where they again encountered each other, and further words were exchanged. When Lanus started to return to the recreation center, defendant fired his gun three times, hitting Lanus in the back with the first shot, and standing over the fallen victim to shoot him with the other two shots. A bystander, Ivy Hatch, was also struck in the foot. Lanus was taken to the hospital by friends. The police were called; a search of the area resulted in three spent bullet shells being found, but the perpetrator had left the scene.
Subsequently, Jones phoned a police officer he knew, related his story and asked about the case. Thereafter, the defendant was arrested and the instant charge was made.
At the trial, defendant took the stand in his own defense and admitted that he shot Lanus, but stated that Lanus had made threats to him during their initial encounter. Jones testified that he shot only when Lanus made a movement to put his hand in his pocket. Lanus testified that he was unarmed at the time, did not make any hostile demonstration toward Jones and had turned to go back to the center when Jones shot him in the back, and shot again after he was down.
ASSIGNMENT OF ERROR NO. 5; MISTRIAL:
Defendant contends that the trial court erred in denying defendant's motion for mistrial. Defendant moved for mistrial when another crime attributed to defendant was mentioned by the victim on cross *1184 examination. The testimony complained of was elicited while defense counsel was questioning Johnny Lanus:
Q. I understand. I think you said earlier you wanted to reaffirm and find out whether or not
A. Yeah.
Q. Everything was going to be peaceful between you all?
A. Right.
Q. Why was that important?
A. I just wanted to make sure because, like I said, I wanted to make peace with him because a week or twoa month or two before I got shot, he had shot up another guy two times. And so I didn't want the same thing to happen to me. That's why, like I said, when I heard the rumor about him, you know, disliking me I said I wanted to make sure. I wanted to be safe. [Defense objected and moved for a mistrial]
LSA-C.Cr.P. art. 771 provides:
In the following cases, upon the request of the defendant or the state, the court shall promptly admonish the jury to disregard a remark or comment made during the trial, or in argument within the hearing of the jury, when the remark is irrelevant or immaterial and of such a nature that it might create prejudice against the defendant, or the state, in the mind of the jury:
* * * * * *
(2) When the remark or comment is made by a witness or person other than the judge, district attorney, or a court official, regardless of whether the remark or comment is within the scope of Article 770.
In such cases, on motion of the defendant, the court may grant a mistrial if it is satisfied that an admonition is not sufficient to assure the defendant a fair trial.
An admonition is sufficient to cure any prejudice resulting from a prosecution witness' remarks concerning evidence of other crimes of defendant, as to which evidence would not be admissible, where the witness' remarks were elicited by defense counsel and there was no specific intention to prejudice defendant. State v. Jackson, 396 So.2d 1291 (La.1981). Such testimony is not chargeable against the State so as to provide a ground for reversal of a conviction. State v. Jones, 332 So.2d 466 (La.1976).
Under LSA-C.Cr.P. art. 771, it is within the trial court's sound discretion to grant a mistrial if he believes that an admonition is insufficient to assure the defendant a fair trial. State v. Michel, 422 So.2d 1115 (La.1982). In the case at bar, the answer of the victim was elicited on cross-examination by the defense and was unsolicited by the prosecution and not in response to any evidence of the State. The trial judge promptly and properly admonished the jury to disregard the response of the victim concerning any other crime. The record reveals that following defense counsel's objection to the response of the victim, the trial judge ruled that the remark was unresponsive to the question and that it was elicited on cross examination by defense counsel. The judge then asked defense counsel if he wanted an admonition to be given to the jury. Defense counsel requested an admonition. When the jury returned, the trial judge admonished it to disregard any evidence which would have a relation to another crime other than the one for which the defendant was then on trial.
As stated, the remark at issue was not elicited by the State but was given on cross examination in response to a question by defense counsel. There is no suggestion or indication that the remark was made in order to prejudice the defendant; rather, the witness made the statement by way of explaining his own actions.
A similar situation occurred in State v. Henson, 351 So.2d 1169 (La.1977). In Henson, the defense counsel was questioning a State's witness concerning the alleged burglary. In an unresponsive answer, the witness informed the court of a burglary of another camp along the bayou. The Supreme *1185 Court found it significant that the statement was neither elicited by the State nor deliberately uttered to prejudice the defendant. The Court held, at page 1171:
In the instant case, the response was not elicited by the state but was given on cross-examination by defense counsel. There is no indication that the statement was deliberately uttered by the witness to prejudice defendant. We are satisfied that the admonition by the trial judge to the jury was sufficient to dispel any prejudice which might have been created and to assure defendant a fair trial. Hence, the trial judge did not err in denying defendant's motion for a mistrial.
An admonition was held to be sufficient in State v. Douglas, 389 So.2d 1263 (La. 1980). In that case a police officer testified that he had obtained a description of the robber. He further testified that he subsequently received word that a person fitting the description of the robber frequented a local tavern and had recently been released from the State Penitentiary at Angola. In upholding the denial of the mistrial, the Court stated:
C.Cr.P. art. 770(2) prohibits reference by a district attorney or court official to other crimes by the defendant as to which evidence is not admissible, under penalty of a mandatory mistrial. However, such a remark by a witness does not require declaring a mistrial if the court is satisfied that an admonition to the jury is sufficient to assure defendant a fair trial. C.Cr.P. art. 771 ... the decision as to the necessity of granting a mistrial in these circumstances was left to the sound discretion of the trial court. See State v. Madison, 345 So.2d 485 (La. 1977); State v. Brown, 322 So.2d 211 (La.1975); State v. Schwartz, 354 So.2d 1332 (La.1978). The present case does not reveal a manifest abuse of discretion warranting the substitution of our judgment for that of the trial judge who conducted the trial, heard the remark, and was in the best position to assess its impact. 389 So.2d at 1266.
Under these circumstances, we do not find any prejudice to defendant or abuse of the trial court's discretion in denying defendant's motion for mistrial. Moreover, the prompt admonition by the court to the jury was sufficient to cure any prejudice which the remark might have created and to assure the defendant a fair trial. LSA-C.Cr.P. art. 771; State v. Henson, supra.
This assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 6; PRIOR OVERT ACTS:
Defendant complains in this assignment that the trial court erred in refusing to allow him to present evidence of the victim's dangerous character and threats toward Jones, as well as other persons. Defendant argues that he had laid a proper foundation for the admission of the evidence of the victim's dangerous character, thus the denial of his right to present such evidence requires reversal of his conviction.
LSA-R.S. 15:482 provides:
In the absence of evidence of hostile demonstration or of overt act on the part of the person slain or injured, evidence of his dangerous character or of his threats against accused is not admissible.
Evidence of the dangerous character of the victim is admissible only if the accused first produces evidence that the victim made a hostile demonstration or an overt act, against the accused, at the time of the incident, of such character as to create in the mind of a reasonable person the belief that he is in immediate danger of losing his life or suffering great bodily harm. State v. Williams, 410 So.2d 217 (La.1982).
On direct examination, defendant testified that the victim made verbal threats towards him when the victim approached defendant in the recreation building saying, "Well, he called me all kind of bitches and, you know, stuff like that and told me he'd cut me up if I don't believe him, try him, slobbering by the mouth, smelling full of wine." By defendant's own admission, he did not see a weapon on *1186 the victim. Jones testified further on direct examination, that when he and Lanus confronted each other outside the building, "Well, helike I told you, he ran up on me and called me all kind of bitches and told me, you known, he know I got it and I better use it. And at that time he was going in his pocket."
In this case, the above described actions of the victim cannot be construed as "overt acts" that would place a reasonable person in fear of losing his life or of suffering great bodily harm. Consequently, the requisite foundation for the introduction of evidence of the victim's dangerous character was lacking. State v. Williams, supra.
Prior specific acts of the victim are clearly inadmissible unless the hostile demonstration or overt act of the victim occurred at or near the time of the incident in question. State v. Denney, 352 So.2d 204 (La.1977).
The Court in State v. Denney said, at page 206:
Under our statutes and jurisprudence, such evidence is not admissible until defendant has made a showing with appreciable evidence that the victim made a hostile demonstration or overt act against him at the time of the incident which would have manifested to a reasonable person that he was in danger of grave bodily harm or of being killed. La.R.S. 14:482; State v. King, 347 So.2d 1108 (La.1977); State v. James, 339 So.2d 741 (La.1976); State v. Lee, 331 So.2d 455 (La.1976). Once that showing has been made, then the evidence can be brought to the attention of the jury which can then serve as fact-finder and believe or disbelieve any or all of this evidence.
In the instant case the defendant attempted to introduce evidence of the victim's dangerous character and threats prior to the incident in question. The trial court properly excluded such testimony because defendant had not offered any evidence of the commission of an "overt act" on the part of the victim at or even near the time of the incident.
In State v. Gomez, 365 So.2d 1313 (La. 1978), the Supreme Court held that evidence of the victim's dangerous character or of his threats against the accused may be admissible in support of a plea of self-defense, provided the victim had made a hostile demonstration or overt act against the accused at the time of the incident. The Court further noted that if evidence is introduced to help determine who was the aggressor in the conflict, evidence of general reputation, not evidence of specific acts or personal opinion, is admissible. According to State v. Boss, 353 So.2d 241 (La.1977), such evidence must conform with the rule in LSA-R.S. 15:479.
Thus, even if the defendant had laid the proper foundation as provided in LSA-R.S. 15:482, he would only be entitled to explain to the jury those overt acts which occurred at the time of the offense and inquire as to the victim's general reputation. However, defendant was attempting to go further, and testify as to prior specific acts of the victim, not only against the defendant, but also against third persons. This is clearly inadmissible. The trial court's sustaining of the State's objection to defendant's attempt to offer evidence of the victim's dangerous character and prior hostile acts toward defendant and other persons was proper. This assignment of error lacks merit.
ASSIGNMENTS OF ERROR NOS. 1, 2, 3 and 4; EXCESSIVE SENTENCE:
At sentencing, the trial judge found, as a matter of fact, that a firearm was used in the commission of this aggravated battery. Additionally, the trial judge noted that the legislature has essentially preempted LSA-C.Cr.P. art. 894.1 with LSA-C.Cr.P. 893.1. He then sentenced defendant to serve five years at hard labor without benefit of probation, parole or suspension of sentence pursuant to LSA-R.S. 14:34 as regulated by LSA-C.Cr.P. 893.1.
In addition, defendant was sentenced pursuant to LSA-R.S. 14:95.2 to serve an additional term of two years at hard labor *1187 without benefit of probation, parole or suspension of sentence or credit for good time. This additional sentence was to be served consecutively to the original five year sentence.
Defendant argues that the trial court erred in imposing enhanced sentences under LSA-C.Cr.P. art. 893.1 and LSA-R.S. 14:95.2 when he had not been charged with these offenses. It has been held that the State need not charge the defendant separately with violation of LSA-R.S. 14:95.2. State v. Roussel, 424 So.2d 226 (La.1982). It has also been held that the defendant need not be charged separately with violation of LSA-C.Cr.P. art. 893.1. State v. Moore, 442 So.2d 726 (La.App. 1st Cir. 1983).
In Moore, 442 So.2d at 728, the Court stated:
The question required to be determined under this article is simply a matter of proof and has no relation to the facts which determine guilt or innocence of the basic crime. Using a firearm, in this instance, is not a separate crime and there is no necessity for a separate charge.
The sentence imposed in the instant case is the statutory minimum allowed under LSA-C.Cr.P. art. 893.1 and LSA-R.S. 14:34. The statement of reasons for the sentencing by the trial judge sufficiently illumine his sentencing choice. The sentence, being the minimum, is within the statutorily defined range, and is not grossly disproportionate to the severity of the crime and was not imposed merely for the purposeless and needless imposition of pain and suffering. State v. Brown, 412 So.2d 998 (La.1982).
Defendant's basic argument in these assignments of error is that his sentence is excessive. He specifically argues that the trial court erred when it sentenced him both under LSA-C.Cr.P. art. 893.1 and LSA-R.S. 14:95.2, without taking into consideration the guidelines for sentencing set forth in LSA-C.Cr.P. art. 894.1.
There is no merit to defendant's assertion that the enhanced sentence imposed by the trial judge under LSA-C.Cr.P. art. 893.1 and LSA-R.S. 14:95.2 is in direct conflict with LSA-C.Cr.P. art. 894.1. Article 894.1 requires the sentence to be particularized to the defendant as well as the crime, and defendant argues that the trial judge failed to follow LSA-C.Cr.P. art. 894.1 in imposing sentence on him. LSA-C.Cr.P. art. 893.1 and LSA-R.S. 14:95.2 are valid limitations on the sentencing considerations listed in LSA-C.Cr.P. art. 894.1. See State v. Lawson, 410 So.2d 1101 (La.1982); State v. Stevenson, 447 So.2d 1125 (La. App. 1st Cir.1984).
For the reasons stated, we affirm the conviction and sentence of the defendant, Vernell Jones.
AFFIRMED.