572 So.2d 238 (1990)
STATE of Louisiana
v.
Donald ROSS.
No. KA 89 2063.
Court of Appeal of Louisiana, First Circuit.
November 14, 1990.
*239 Raymond Gautreaux, Donaldsonville, for defendant.
Robert Menuet, Napoleonville, for State.
Before EDWARDS, WATKINS and LeBLANC, JJ.
EDWARDS, Judge.
Donald Ross was convicted after trial by jury for the first degree murder of Howard Barbier, a violation of LSA-R.S. 14:30. The jury recommended life imprisonment without benefit of probation, parole, or suspension of sentence. The trial court sentenced Ross accordingly. He appeals, urging three assignments of error.

FACTS
Howard Barbier, a seventy-one-year-old man, was murdered early in the morning on June 1, 1988, while he was delivering newspapers in south Assumption Parish. While driving along his route, he was flagged down by defendant, Ross, and co-perpetrator, Rodney "Buford" Johnson,[1] who threatened him with a knife to his throat, knocked him around, threw him back into the automobile, and drove him to a wooded area. Although Barbier begged for his life, he was forced to perform oral sex on Johnson, and was robbed and beaten over the head with a tire tool from the trunk of his car. Ross and Johnson then put Barbier, who was still conscious, near *240 the tire and drove the car over his body, killing him. Ross and Johnson then threw the body into the woods and drove to New Orleans. At the trial, witnesses, whom Ross and Johnson visited after the incident, testified that the two men bragged and laughed about the incident and attempted to sell the victim's car. They then abandoned the victim's vehicle and returned home.
Pursuant to police investigation of the murder, defendant, Ross, was picked up for questioning. While in custody, Ross gave several taped statements to the police, and he took the police to the scene of the crime to recover the victim's body.

ASSIGNMENT OF ERROR NUMBER ONE
By means of assignment of error number one, defendant contends that the trial court erred in admitting his three taped statements into evidence. While he admits that he was adequately advised of his Miranda rights prior to giving the statements, he argues that he did not waive those rights, specifically his right to counsel. Prior to trial, defendant's motion to suppress the statements was denied. The three taped statements were admitted into evidence at the trial.
Since defendant admits he was adequately advised of his rights, the question becomes whether he invoked his right to remain silent and his right to counsel and subsequently waived these rights. The statements of an accused, whether exculpatory or inculpatory, when made during a custodial interrogation, should be suppressed unless the accused is first advised of, and subsequently waives, his right to remain silent and his right to counsel. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), U.S. Const. Amend. V, VI, La.Const. art. I, § 13. When an accused asserts his right to counsel, the police must scrupulously honor the invocation of the right and interrogation must cease. State v. Harper, 430 So.2d 627, 633 (La.1983); State v. Campbell, 461 So.2d 644, 648 (La.App. 1st Cir.1984), writ denied, 466 So.2d 1299 (La.1985).
An accused, having expressed his desire to deal with the police only through counsel, is not subject to further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communication, exchanges, or conversations with the police. Edwards v. Arizona, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981); State v. Arceneaux, 425 So.2d 740, 744 (La.1983); State v. Campbell, 461 So.2d at 648. Furthermore, even when the accused initiates further communication, exchanges, or conversations with the police, and reinterrogation follows, the prosecution still has the burden of showing that subsequent events indicated a waiver of the Fifth Amendment right to have counsel present during the interrogation. Oregon v. Bradshaw, 462 U.S. 1039, 1045, 103 S.Ct. 2830, 2834, 77 L.Ed.2d 405 (1983); State v. Carr, 530 So.2d 579, 587 (La.App. 1st Cir.), writ denied, 533 So.2d 354 (La.1988), cert. denied, 489 U.S. 1098, 109 S.Ct. 1573, 103 L.Ed.2d 939 (1989).
In the instant case, the following taped statements made by the defendant and played to the jury are at issue: June 2, 1988, at 3:03 p.m., June 3, 1988, at 9:00 a.m., and June 3, 1988, at 10:33 a.m.
The record contains evidence that Ross was advised of his rights, both orally and in writing, numerous times while in police custody. Prior to making the first statement, Ross signed a waiver of his rights at 2:03 p.m. on June 2, 1988. We find that the taped statements themselves are conclusive evidence that the waiver was free and voluntary. While taking the first statement, Sheriff Anthony Falterman readvised Ross of his rights, read him the waiver, and ascertained the genuineness of his signature on the waiver. Further, he reascertained Ross's willingness to speak with the police without the presence of counsel and that his willingness was not the result of threats or coercion.
The following morning, Sheriff Falterman, on tape, reminded Ross of his rights, his waiver thereof, and determined that Ross was still willing to speak, without the aid of counsel, prior to taking the second *241 statement. While giving the second statement, Ross expressed a desire to speak with counsel. At that point, all questioning and communication with police ceased, and Ross was released to his cell. Shortly thereafter, Ross summoned the warden and expressed a desire to continue speaking with the police. Prior to taking the third statement, Sheriff Falterman exercised the utmost caution in ascertaining that Ross's actions were knowing and voluntary. He readvised him of his rights and questioned him extensively regarding his willingness to speak despite his earlier request to consult with counsel. He determined that Ross had initiated the further communication free of threats or coercion.
Each officer present during Ross's statements testified that the environment of the interrogation was nonthreatening and noncoercive.
The factual conclusions of a district court on the admissibility of a confession will not be overturned on appeal unless they are not supported by the evidence. State v. Boudreaux, 471 So.2d 1021, 1025 (La.App. 1st Cir.1985). We find that the taped statements themselves, the testimony of the officers, and the fact that the defendant has had extensive experience with the criminal justice system sufficiently support the trial court's ruling that the taped statements were admissible.

ASSIGNMENT OF ERROR NUMBER TWO
In assignment of error number two, defendant argues that the testimony of Dr. Paul McGarry, a pathologist, was unnecessary, irrelevant, misleading, and unfairly prejudicial, and should not have been allowed by the trial court.
Dr. Nelson Cox, Assumption Parish Coroner, performed a postmortem examination. He referred Barbier's body to Dr. McGarry, a forensic pathologist, who performed an autopsy and issued a report. At trial, Dr. Cox testified regarding the findings of his examination, the injuries received by the victim, and the death certificate issued. Dr. McGarry testified regarding the autopsy, specifically as to the nature and extent of the injuries, the sequence in which they occurred, and the specific cause of the victim's death.
Relevant evidence is evidence which tends to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. LSA-C.E. art. 401. All relevant evidence is admissible except as otherwise provided by positive law. LSA-C.E. art. 402. Relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay or waste of time. LSA-C.E. art. 403. Under the jurisprudence prior to the enactment of the Louisiana Code of Evidence, the test for admissibility of relevant evidence was similar to that under LSA-C.E. art. 403: whether the prejudicial effect outweighs the probative value. State v. Kent, 489 So.2d 1354, 1358 (La.App. 1st Cir.1986).
In the present case, the testimony of Dr. McGarry was relevant to prove the corpus delicti and was used to establish the cause of death, to corroborate other evidence of the manner in which death occurred, and to establish the location, severity, and number of wounds. See State v. Stevenson, 447 So.2d 1125, 1130 (La.App. 1st Cir.), motion denied, 540 So.2d 951 (La.1984).
After reviewing the testimony of Dr. McGarry, we find that the probative value of his testimony outweighs any prejudicial effect. The admissibility of his testimony was within the trial court's discretion. We find no abuse of discretion and, accordingly, affirm the trial court's ruling. See State v. Stevenson, 447 So.2d at 1131.

ASSIGNMENT OF ERROR NUMBER THREE
In assignment of error number three, defendant's sole argument is that, without his taped statements and Dr. McGarry's testimony, which he argues were inadmissible, there is insufficient evidence to convict him of murder.
*242 We note that, in order to challenge a conviction on the basis of insufficiency of the evidence, defendant should have proceeded by way of a motion for a post-verdict judgment of acquittal. See LSA-C. Cr.P. art. 821; State v. Britt, 510 So.2d 670, 672 (La.App. 1st Cir.1987). Nevertheless, we will consider a claim of insufficiency of the evidence which has been briefed pursuant to a formal assignment of error.
In determining whether the evidence is sufficient to support a conviction, Louisiana appellate courts follow the due process standard set forth in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). To uphold a conviction, an appellate court must find that the evidence, when viewed in a light most favorable to the prosecution, was sufficient to convince a rational factfinder that all of the elements of the crime had been proved beyond a reasonable doubt. State v. Martin, 458 So.2d 454, 462 (La.1984); State v. Captville, 448 So.2d 676, 678 (La.1984).
Since we have already determined that the trial court did not err in admitting the alleged inadmissible evidence, defendant's argument is without merit. Defendant's statements clearly place him at the scene of the crime and provide the requisite intent. The testimonies of Buford's cousin, Willie Williams, and defendant's former girlfriend, Bobbie Hills, show that defendant admitted to participating in the offense. The testimony of Dr. McGarry establishes the cause of Barbier's death. The record contains evidence sufficient to convict defendant of first degree murder.
This assignment lacks merit.
AFFIRMED.
NOTES
[1] At the time of this appeal, Johnson was still awaiting trial.