570 So.2d 504 (1990)
STATE of Louisiana
v.
Van Douglas HUDSON.
No. 90-KA-255.
Court of Appeal of Louisiana, Fifth Circuit.
November 14, 1990.
Rehearing Denied December 17, 1990.
*505 John M. Mamoulides, Dist. Atty., Gretna, for plaintiff-appellee.
Robert Glass, Lori R. Fregolle, New Orleans, for defendant-appellant.
Before CHEHARDY, DUFRESNE and GOTHARD, JJ.
DUFRESNE, Judge.
The defendant, Van Douglas Hudson, was indicted with the second degree murder of Jack Mulkey, in violation of LSA R.S. 14:30.1. He entered a plea of not guilty and not guilty by reason of insanity. Initially the trial court found the defendant lacked the mental capacity to proceed and committed him to the Feliciana Forensic Facility. He was later adjudged competent to proceed and after a two day bench trial, the judge found the defendant guilty of second degree murder. The defendant's motion for a new trial was denied and he was sentenced to life imprisonment without benefit of parole, probation or suspension of sentence. From this conviction and sentence the defendant has appealed and urged that the trial court erred in failing to grant him a new trial. The other assignment concerning the jury trial waiver has been withdrawn by the defendant and is considered abandoned.

FACTS
Around 2:30 a.m. on July 29, 1986, Van Douglas Hudson, the defendant, entered Buddy's Escape Lounge in Kenner with his wife, Barbara Hudson, and friends Cynthia Bradshaw, Lynda Bradshaw and Priscilla Horne. The owner of the lounge, Lester Athmann, was tending bar at the time. One of the other patrons, Jack Mulkey, who had been at the lounge for several hours, appeared to be rather intoxicated. While the defendant and his wife went to the dance floor, Mulkey got up and walked over to where the women were sitting. He attempted to strike up a conversation with the women and expressed a particular interest in Lynda Bradshaw. Athmann noticed that a disagreement was developing and he went over to the group. The women complained to Athmann that Mulkey was bothering them and that he refused to leave them alone, despite being requested to do so. The defendant then walked over from the dance floor and began talking to Mulkey. Believing that the situation had been resolved, Athmann returned to his other bartending duties. When Athmann checked on the defendant's group about *506 fifteen minutes later, he noticed a pistol on the bar and was told that the gun belonged to Van Hudson. Athmann told Van Hudson to remove the weapon from the lounge immediately. The defendant picked up the pistol, placed it in his pocket and headed out the door of the lounge. A short time later, he reappeared at the door, which was equipped with an electronic "buzzer type" entry device. Athmann looked at the defendant, saw nothing unusual and pressed the electronic buzzer to allow him back into the lounge. However, as the defendant walked through the door, Athmann and the others in the lounge saw that the defendant was armed with a short barreled 12 gauge shotgun. He took a few quick steps toward Mulkey, who was still at the bar, pointed the shotgun directly at him and made a comment to the effect that Mulkey was going to get what he had asked for. Holding a beer can in his right hand, Mulkey turned toward the defendant and stated something suggesting that he did not believe the defendant would shoot him. Nevertheless, the defendant did fire a shot which struck Mulkey in the chest and killed him, after tearing off a portion of the victim's left hand, which he had raised in a futile effort to ward off the shotgun blast. After firing that round, the defendant ejected the expended shell from the shotgun and chambered another live round. Backing toward the door of the lounge with the shotgun held ready to shoot, the defendant ordered his wife to pick up his drink and his money from the bar and to join him. She complied; and the defendant, his wife, and the other women in their group then hurriedly left the lounge. Within hours of the shooting, the defendant had been identified as the perpetrator of the crime. The police obtained a warrant for the defendant's arrest and proceeded to his residence with the warrant. Although the defendant was not at home, his wife was there and she consented to a search of the couple's automobile. While conducting the search, police officers found the murder weapon in the vehicle's trunk. The defendant was arrested and charged with second degree murder.
At trial, the defendant urged not only an insanity defense, but also a claim that he killed Mulkey in self-defense. This claim of self-defense was based solely on Barbara Hudson's testimony that Jack Mulkey was armed with a pistol and was going for that weapon when her husband shot him.
In support of the insanity defense, testimony was elicited and medical records were presented concerning the defendant's lengthy history of psychological problems and the prescription of medication in allegedly excessive doses as part of the defendant's treatment for those problems. The trial judge, sitting as the fact-finder in the case, rejected both the self-defense and insanity defenses.

ASSIGNMENT OF ERROR NUMBER ONE
The trial court erred in failing to grant defendant's motion for new trial and amended motion for new trial.

DISCUSSION
The defendant's motion for a new trial, as amended, asserts an ineffective assistance of counsel claim. The Louisiana Supreme Court has held that the appropriate avenue for asserting a claim of ineffective assistance of counsel is through post-conviction relief, rather than by direct appeal. State v. Truitt, 500 So.2d 355 (La. 1987). The purpose underlying the use of post-conviction relief procedure is to afford the parties an evidentiary hearing before the trial court on the ineffective assistance claim, thereby creating an adequate record for appellate review. State v. Brown, 384 So.2d 983 (La.1980). That same purpose is served by asserting an ineffective assistance of counsel claim in a motion for a new trial filed with the trial court under La.C. Cr.P. art. 851 et seq. A new trial motion is therefore another proper vehicle for alleging ineffective assistance of counsel. See State v. Perkins, 539 So.2d 100 (La.App. 5th Cir.1989). Since the motion for a new trial, the denial of which the defendant now challenges, was based on a claim that the defendant lacked effective assistance of counsel, the claim may now be considered by the appellate court on this direct appeal.
*507 The defendant alleges two grounds as the basis of the ineffectiveness assistance of counsel claim. He first complains that his attorney failed to secure the presence at trial of witnesses Lynda Bradshaw and Cynthia Bradshaw. The defendant next contends that his attorney's failure to have the shotgun involved in this case scientifically examined further constitutes ineffective legal assistance. At the hearing on the motion for a new trial, Lynda Bradshaw and Cynthia Bradshaw testified about the victim's obnoxious behavior and the verbal confrontations between the defendant and the victim prior to the shooting. A private investigator was then called to detail the actions he took to locate the Bradshaws and to secure their presence at the hearing. Firearms and engineering experts were also called as witnesses to testify about the results of their testing on the defendant's shotgun. These experts stated that the triggerpull required to operate the weapon was light, though still within the manufacturer's specifications. One of the expert witnesses further expressed the opinion that an unintentional discharge of the shotgun might occur under certain conditions. The defendant argued on the motion that it was impossible to formulate a coherent defense without the Bradshaws' testimony and a scientific examination of the shotgun.
According to the defendant, the testimony of Lynda Bradshaw and Cynthia Bradshaw established sufficient provocation of the defendant to remove the killing of the victim from the definition of second degree murder. Moreover, the expert testimony established that the firing of the weapon in this case could have been accidental, thereby negating the specific intent required to commit second degree murder. After the evidence presented at the hearing, the trial judge denied the motion for a new trial.
Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) establishes a two-fold test to evaluate claims of ineffective assistance of counsel. First the defendant must show that counsel committed errors so serious that he or she was not functioning as the "counsel" guaranteed a defendant by the Sixth Amendment. Strickland, supra, 104 S.Ct. at 2064. Secondly, the defendant must show that the errors were so serious as to deprive the defendant of a fair trial, one with reliable result. Strickland, supra, 104 S.Ct. at 2064. The defendant must make both showings in order to prove that counsel was so ineffective as to require reversal.
The defendant has failed to demonstrate that his trial counsel was constitutionally ineffective in his representation. The thrust of the defendant's argument is that his trial attorney failed to offer evidence which would have supported a reduction of the verdict against the defendant from second degree murder to manslaughter. "A murder charge cannot be reduced to manslaughter unless the offense is committed in such passion or heat of blood immediately caused by provocation sufficient to deprive an average person of his self-control and reflection." State v. Lee, 529 So.2d 853, 854 (La.App. 4th Cir.1988). "Heat of blood" and "sudden passion" are not elements of the offense of manslaughter, but rather are mitigating factors which may reduce the grade of the homicide. State v. Tompkins, 403 So.2d 644 (La. 1981). Moreover, the determination of whether sufficient provocation existed for reduction of the grade of homicide is a factual question which must be answered by the fact-finder in the case. State v. Maddox, 522 So.2d 579 (La.App. 1st Cir. 1988). The trial judge was the fact-finder in this case. After hearing all of the testimony presented on the motion for a new trial, the trial judge found that no evidence was submitted which would justify disturbing his original second degree murder verdict. The expert testimony regarding the defendant's shotgun amounted to nothing more than speculation that the weapon might be susceptible to accidental discharge. The testimony of Lynda Bradshaw and Cynthia Bradshaw, according to the trial judge, added nothing capable of changing the outcome of this case. The victim's behavior, however, obnoxious, was not sufficient provocation for the defendant's actions in this case. See State v. *508 Gauthier, 546 So.2d 652 (La.App. 4th Cir. 1989). Since the testimony of the witnesses who appeared at the hearing on the motion for a new trial would not have established a viable defense, the performance of the defendant's trial counsel was not deficient for failing to obtain the presence of these witnesses at the trial. State v. Morgan, 472 So.2d 934 (La.App. 1st Cir. 1985). A review of defense counsel's performance throughout this case's protracted course leading up to trial, and particularly the strong efforts taken to establish an insanity defense, reflects that the defendant was afforded effective legal representation within the guarantees of the Sixth Amendment and that a reliable verdict was rendered in the case. Strickland, supra; State v. Dill, 461 So.2d 1130 (La.App. 5th Cir.1984). Accordingly, the trial judge rejected the defendant's claim of ineffective assistance of counsel and properly denied the motion for a new trial. State v. Perkins, supra.
This assignment of error has no merit.
We have further reviewed the record for any patent errors and find none.

DECREE
For the above reasons, the sentence and conviction of the defendant are affirmed.
AFFIRMED.