LeBLANC, Judge.
Defendant, Milton Holliday, Sr., was charged by grand jury indictment with two counts of first degree murder, in violation of La.R.S. 14:30. He pled not guilty and, after a jury trial, was found guilty as charged. Defendant was sentenced to a term of life imprisonment at hard labor, without benefit of parole, probation or suspension of sentence, on each count, the sentences to run concurrently. Defendant appeals, urging one assignment of error.
FACTS
On July 21,1991, defendant shot and killed two brothers, Kenner and Donald Johnson. The following facts were revealed at trial. Carolyn Taylor, defendant’s girlfriend, is a waitress at the Sip and Bite Grocery and Lounge in Baton Rouge. On the evening of July 21, 1991, Ms. Taylor had finished her shift and was dancing with her sister, Deborah Peterson, when she felt Kenner Johnson kick her. Ms. Taylor testified that Kenner Johnson kicked her twice; she ignored it the first time but, after the second time, she pushed him and he called her a bitch. Ms. Taylor stated that she did not serve the brothers drinks because she thought they were too drunk already. Leonard R. Douglas, owner of the Sip and Bite Grocery and Lounge, testified that when Ms. Taylor told him she had been kicked, he asked the brothers to leave, which they did. He testified that a few minutes later he heard shots and someone told him the brothers had been shot.
*129 Leangela January, Ms. Taylor’s niece, testified that she was at the lounge that night and danced with Donald Johnson. After the kicking incident, Leangela went to find defendant and told him that her aunt, his girlfriend, had been kicked. She and defendant walked outside where defendant asked her which one had kicked Ms. Taylor. Leangela replied that the one in the baseball suit had done it. Kenner Johnson was coaxing Donald home, telling everyone that he was drunk. Donald Johnson called Ms. Taylor a bitch, and defendant pulled out a gun and shot him. Kenner Johnson started to run; and defendant shot him, too. Defendant then emptied his gun into Donald Johnson, who was already shot, threw a beer bottle at him and said, “Now, who’s the bitch?” Defendant then walked away quickly.
ASSIGNMENT OF ERROR NUMBER ONE
In his only assignment of error, defendant contends that the verdicts were contrary to the law and the evidence. Specifically, in his brief, defendant alleges that the verdicts should have been manslaughter because the two victims abused his girlfriend, causing him to lose his self-control and cool reflection.
Although defendant does not label this assignment of error as such, his argument relates to insufficiency of the evidence. We note that, in order to challenge a conviction on the basis of insufficiency of the evidence, defendant should have proceeded by way of a motion for post-verdict judgment of acquittal. See, La.C.Cr.P. art. 821; State v. Ross, 572 So.2d 238, 242 (La.App. 1st Cir.1990). Nevertheless, we will consider a claim of insufficiency of the evidence which has been briefed pursuant to a formal assignment of error.
In reviewing the sufficiency of the evidence to support a conviction, an appellate court in Louisiana is controlled by the standard enunciated by the United States Supreme Court in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). That standard, adopted by the Legislature in enacting La.C.Cr.P. art. 821 (which pertains to post-verdict motions for acquittal based on insufficiency of evidence), is that the evidence, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime had been proved beyond a reasonable doubt. State v. Price, 498 So.2d 244, 247 (La.App. 1st Cir.1986), writ denied, 503 So.2d 474 (1987).
First degree murder is the killing of a human being when the offender has a specific intent to kill or inflict great bodily harm upon more than one person. La.R.S. 14:30 A(3). Specific intent is defined as the state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act. La.R.S. 14:10(1). Specific intent is a legal conclusion to be resolved ultimately by the trier of fact. State v. Washington, 484 So.2d 946, 950-951 (La.App. 1st Cir.1986). Since specific intent is a state of mind, it need not be proved as a fact, but may be inferred from the circumstances present and the actions of the defendant. State v. Price, 498 So.2d at 247.
When circumstantial evidence is used to prove the commission of the offense, La.R.S. 15:438 mandates that, “assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence.” This standard is not a purely separate one from the Jackson sufficiency standard to be applied instead of a sufficiency of the evidence test whenever circumstantial evidence forms the basis of the conviction. Ultimately, all evidence, both direct and circumstantial, must be sufficient under Jackson to satisfy a rational juror that the defendant is guilty beyond a reasonable doubt.
From the evidence presented at trial, we find that a rational juror could have inferred that defendant possessed the specific intent to kill. Both Leangela January and her sister, Crystal Lewis, testified that defendant pulled out a gun, shot Donald Johnson at close range, shot Kenner Johnson as he ran away, and then emptied the gun by again shooting Donald Johnson. Dr. Alfredo Suarez, Deputy Coroner for East Baton Rouge Parish, testified that Kenner Johnson *130 died from two gunshot wounds which caused him to bleed to death. Dr. Suarez further testified that Donald Johnson died from a gunshot wound to the head which caused a brain hemorrhage. Under these circumstances, it could reasonably be inferred from the fact that defendant shot both victims more than once that he actively desired their deaths to follow his acts. See, State v. Boyer, 406 So.2d 143, 150 (La.1981).
Defendant argues that he should not have been convicted of first degree murder but, rather, he should have been convicted of the lesser included offense of manslaughter. At trial, the crux of defendant’s testimony was that he shot the Johnson brothers in self-defense. In brief, defendant further argues that the verdicts should have been manslaughter because the attack on his girlfriend was provocation which deprived him of his self-control and cool reflection. La.R.S. 14:31 provides, in pertinent part:
Manslaughter is:
A homicide which would be murder under either Article 30 (first degree murder) or Article 30.1 (second degree murder), but the offense is committed in sudden passion or heat of blood immediately caused by provocation sufficient to deprive an average person of his self[-]control and cool reflection. Provocation shall not reduce a homicide to manslaughter if the jury finds that the offender’s blood had actually cooled, or that an average person’s blood would have cooled, at the time the offense was committed ...
Having found the elements of first degree murder, the jury then had to determine whether or not the circumstances indicated that the crime was actually manslaughter. The existence of “sudden passion” and “heat of blood” are not elements of the offense of manslaughter but, rather, are factors in the nature of mitigating circumstances which may reduce the grade of homicide. Provocation is a question of fact to be determined by the jury. Thus, the issue remaining is whether or not a rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could have found that the mitigatory factors were not established by a preponderance of the evidence. State v. Lombard, 486 So.2d 106, 110-111 (La.1986); State v. Smith, 490 So.2d 365, 370 (La.App. 1st Cir.), writ denied, 494 So.2d 324 (1986).
The guilty verdicts herein indicate that the jury concluded this was a case of first degree murder and rejected the possibility of manslaughter. The evidence in this case indicates that one of the Johnson brothers kicked defendant’s girlfriend and called her a bitch to her face and in front of defendant. However, there was corroborated testimony by several patrons at the bar that night that defendant was not present when the kicking incident happened and that he was told about it and then sought the Johnson brothers to confront them. Further, the owner of the bar testified that, after the kicking incident, when he asked the Johnson brothers to leave, they did so quietly and without any violence. Leangela January and Crystal Lewis testified that Kenner Johnson was guiding his brother home and telling everyone to ignore his brother because he was drunk and he was taking him home. Crystal Lewis also testified that neither brother swung any fists and that no one lunged.
The guilty verdicts demonstrate that the jury concluded either: (1) that the argument between defendant and the victims was not sufficient provocation to deprive an average person of. his self-control and cool reflection; or (2) that an average person’s blood would have cooled by the time defendant shot the victims. See, State v. Maddox, 522 So.2d 579, 582 (La.App. 1st Cir.1988).
In addition to defendant, two character witnesses testified for the defense stating that defendant has a reputation for peacefulness and non-violence. As the trier of fact, the jury is free to accept or reject, in whole or in part, the testimony of any witness. State v. Richardson, 459 So.2d 31, 38 (La.App. 1st Cir.1984). Evidently, the jury must have believed the testimony of the state’s witnesses. Considering all the factors, rational triers of fact might well have concluded that defendant was not sufficiently provoked to deprive him of his self-control and cool reflection. Therefore, for the reasons *131 herein stated, this assignment of error is meritless.
PATENT ERROR
After a careful review of the record, we have found no reversible patent errors. However, we note the following patent sentencing error. Neither the minutes nor the sentencing transcript show that the trial court, in imposing these sentences, gave the defendant credit for time spent in actual custody prior to sentencing. Such an allowance of credit is mandatory. La.C.Cr.P, art. 880. Accordingly, we find patent sentencing error and amend the sentences to reflect that the defendant is to be given credit for time served prior to the execution of his sentences. See, State v. King, 604 So.2d 661, 670 (La.App. 1st Cir.1992). Resentencing is not required; however, we remand this case and order the district court to amend the commitment and minute entry of the sentences to reflect that the defendant is given credit for time served.
CONVICTIONS AFFIRMED; SENTENCES AFFIRMED, AS AMENDED; AND REMANDED WITH ORDER.